## SACHS v. ITALIA SOCIETA ANONIMA DI NAVIGAZIONE.

District Court, S. D. New York.

Dec. 12, 1939.

Peter T. Kourides, of New York City (Silas B. Axtell, of New York City, of counsel), for plaintiff.

Dorsey & Flynn, of New York City (Leo P. Dorsey, of New York City, of counsel), for defendant.

CONGER, District Judge.

This is a motion to set aside a notice of discontinuance which plaintiff served upon defendant. As yet, no answer has been filed, but it is argued that defendant's previous motion to dismiss the complaint amounted to a general appearance, and that under Rule 41(a) (1) (ii) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, after there has been an appearance by the defendant, a voluntary dismissal can be had only by a stipulation of the parties. In support of the motion, defendant asserts that unless the words "before answer" in subdivision (a) (1) (i) of the Rule are interpreted to mean "before appearance", subdivision (a) (1) (ii) will be mere surplusage, and that such a result should be avoided.

There had, in the past, been uncertainty and confusion in the decisions as to voluntary dismissals and the effect thereof. There seemed to be a difference in the decisions regarding actions at Law, and actions in Equity. This Rule endeavors, among other things, to provide, in ordinary circumstances, when a man may, as a matter of right, dismiss his own suit without having an adjudication against him therein.

That part of the Rule applicable states: "Subject to the provisions of Rule 23(c) and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service of the answer * * *". This language is too clear to permit any limitations upon it. The Rule further states under subdivision (ii): "* * * or * * * by filing a stipulation of dismissal signed by all the parties who have appeared generally in the action."

The defendant asks me to place a construction on this subdivision (ii) which would be a strained construction. He asks

me to read something into the Rule which is not there, and which the plain and simple language of the Rule does not permit.

The motion is denied. Settle order on notice.