## FLAIG v. YELLOW CAB CO. OF MISSOURI.

### No. 2025.

District Court, W. D. Missouri, W. D.

Oct. 28, 1944.

Clarence C. Chilcott, of Chilcott, Waltner, Couch & Jones, all of Kansas City, Mo., for petitioner.

A. C. Trippe, of Hogsett, Trippe, Depping & Houts, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The plaintiff seeks to dismiss her action. The only question for decision is whether the plaintiff is entitled voluntarily to dismiss under the provisions of Federal Rules of Civil Procedure, Rule 41 (a) (1), 28 U.S.C.A. following section 723c, or under the provisions of said Rule 41(a) (2) which requires a court order.

Under the first part of said rule a plaintiff is entitled to a voluntary dismissal "by filing a notice of dismissal at any time before service of the answer." After answer, the second paragraph of the rule would apply and dismissal could only be

made "upon order of the court and upon such terms and conditions as the court deems proper."

The facts set forth in a verified motion are substantially as follows: The suit was originally filed in a state court, on July 31, 1944. A petition and bond for removal was timely filed, on September 11, 1944. On September 23, 1944, the state court "approved said bond and entered its order removing said cause to this court." Prior to the filing of the transcript in this court, to-wit, on September 26, 1944, plaintiff notified the defendant of her purpose to dismiss the cause. Immediately upon the service of said notice she presented, through her counsel, a proper motion (with notice) for dismissal to the clerk of this court. Since the transcript had not yet reached the office of the clerk, filing of the notice and motion was refused. On the next day plaintiff, through her counsel, again presented the same motion and notice to the clerk for filing and again the clerk refused to accept them. On the latter date plaintiff was notified that the transcript had been filed by the defendant together with its answer. Thereupon the plaintiff again presented her motion to the clerk for a dismissal of her action and same was received and filed by the clerk.

The only question for decision on the above facts is whether the motion of the plaintiff to dismiss her cause would be subject to the rule of voluntary dismissal before answer or by court order only after answer.

■ 1. Section 72, Title 28 U.S.C.A., provides that upon the filing of a sufficient petition and satisfactory bond after notice to the plaintiff, "it shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit." This has been construed to mean that the State court was at that juncture ousted of jurisdiction.

In Janoske v. Porter, 64 F.2d 958, the Court of Appeals, Seventh Circuit, considered the question of jurisdiction in removal cases. The court said, loc.cit. 960 of 64 F.2d:

"The cause being one that was removable under the statute, the jurisdiction of the state court ceased immediately upon the filing of the removal petition and bond * * *. No further action could be taken by that court, and no further pleadings were permissible therein. *The jurisdiction of the District Court attached immediately.*

*It was not necessary that a transcript of record be filed in the office of the clerk of the District Court in order to confer jurisdiction upon that court.* The filing of the transcript of record with the District Court was necessary, however, for it to proceed with the cause."

■ Under the above construction, since plaintiff could not dismiss her cause in the state court after the filing of the petition and bond for removal and since jurisdiction attached here, it was the right of the plaintiff to file her motion and notice to dismiss in the only court having jurisdiction of her cause. She undertook to do this. The clerk declined to file the motion for the reason that the transcript had not yet reached this court. Under the circumstances probably it would have been well for plaintiff's counsel to have "lodged" said motion with the clerk, awaiting the arrival of the transcript, so that it might have taken precedence as being the first paper filed after the transcript was filed. However, without regard to the procedure, plaintiff had endeavored to file her motion to dismiss and had so notified the defendant.

■ Under Rule 81(c), Federal Rules of Civil Procedure, the defendant was not required to answer concurrently with the filing of the transcript. The time for answer was subject to the state court rules, or within five days after the filing of the transcript. By Section 72, Title 28 U.S.C.A., the defendant had thirty days to plead after removal.

■ 2. According to the verified motion submitted by plaintiff, the defendant was duly notified of her proposed dismissal. Such notice was given after this court had acquired jurisdiction but before the transcript reached the office of the clerk. The filing of the transcript was a function being performed by defendant through its counsel. Therefore the defendant knew that the plaintiff was seeking to dismiss her action. It knew this when concurrently with the filing of the transcript an answer was filed. It could not in this manner deprive the plaintiff of the benefits of a voluntary dismissal under the first part of Rule 41. For the purpose of this decision the motion to dismiss will be treated as having been filed before the answer. There was no lack of diligence on the part of counsel for the plaintiff and she should not be penalized because of a situation necessarily confused in the trans-

ference of the case from one court to another.

Accordingly the motion to dismiss will be sustained as having been filed at a time antedating that of the answer. The "notice of dismissal" was given to the defendant "before service of the answer."

An order of dismissal will be made accordingly.