**KILPATRICK v. TEXAS & P. RY. CO.**

**PARKER v. SAME.**

**Civ. Nos. 39-341, 40-170, 39-349, 40-169.**

District Court, S. D. New York.
June 10, 1947.

See, also, D.C., 72 F.Supp. 635.

Gerald F. Finley and Arnold B. Elkind, both of New York City (Arnold B. Elkind, of New York City, of counsel), for plaintiffs.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City, appearing specially for the purposes of these motions only (William H. Timbers and Cleveland C. Cory, both of New York City, of counsel), for defendant.

CAFFEY, District Judge.

Two actions, Civ. 39–341 and Civ. 39–349, were brought under the Federal Employers' Liability Act by two employees of defendant to recover damages for personal injuries sustained by them while engaged in the performance of their duties. Both actions were filed in December, 1946.

The defendant appeared specially in both actions and moved for orders vacating the attempted service of the summons and complaints on the ground that the defendant is a foreign corporation not doing business in the State of New York, or, in the alternative, dismissing the actions on the ground that, since both plaintiffs and defendant are residents of Texas and the accidents occurred in Texas, to retain jurisdiction would constitute an undue burden on interstate commerce, or, in the alternative, vacating the attempted service of the summons and complaints on the ground that the attempted service was made upon an improper person.

Plaintiffs then moved for orders permitting them to take the depositions of 13 individuals and trust companies on the sole question of the corporate activities of the defendant in this District, to be used in connection with defendant's motions aforesaid.

All these motions were adjourned by consent until they came on to be heard at the same time. Meantime, four days before the adjourned date for argument, plaintiffs filed new actions, the summons and complaints in which were served on the same day and were identical with the original complaints. I was not informed, prior to the argument of the motions, of the filing and service of these new actions. The motions were argued at length and submitted for decision, affidavits and

briefs to be exchanged and submitted at a later date. Pending their submission the attorneys for the defendant obtained orders in the new actions requiring plaintiffs to show cause why all proceedings in those actions should not be stayed until after the service of copies of orders disposing of the motions already argued in the first actions. A day or two after the service of these orders to show cause upon the attorneys for plaintiffs and before the return dates, they served upon the attorneys for defendant notices that the original actions had been dismissed. Whereupon, the attorneys for defendant obtained additional orders in the first actions requiring plaintiffs to show cause why the notices of dismissal should not be vacated, or, in the alternative, directing that the original actions be dismissed upon such terms as might appear just and reasonable. All the orders to show cause also came on to be heard and were argued before the time for the submission of briefs on the original motions had expired.

■ The situation is most unusual. It does not seem to be covered by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It must be resolved by the exercise of a sound judicial discretion.

■■ At common law a plaintiff had an absolute right to withdraw and dismiss his suit at any time without any other liability than payment of taxable costs to the date of dismissal. But application to the court seems to have been required and permission to dismiss would be denied where it would be manifestly prejudicial to a defendant who had acquired rights which might be lost or rendered less efficient by the dismissal. The annoyance of a second suit upon the same cause of action, however, was not such a prejudice. Pullman's Palace Car Co. v. Central Transportation Co., 171 U.S. 138, 145, 146, 18 S.Ct. 808, 43 L.Ed. 108; Barrett v. Virginian Railway Co., 250 U.S. 473, 476–478, 39 S.Ct. 540, 63 L.Ed. 1092; Ex Parte Skinner & Eddy Corporation, 265 U.S. 86, 92–93, 44 S.Ct. 446, 68 L.Ed. 912; Jones v. Securities and Exchange Commission, 298 U.S. 1, 19, 20, 56 S.Ct. 654, 80 L.Ed. 1015.

634

■ Under the new Federal Rules of Civil Procedure a plaintiff has the absolute right to withdraw his suit without application to the court, only if he does so before the defendant has answered. Rule 41(a) (1) provides that "an action may be dismissed by the plaintiff without order of court (1) by filing a notice of dismissal at any time before service of the answer." No answers had been served here before plaintiffs filed and served their notices of dismissal, but defendant had served notices of motions to dismiss the actions on grounds of lack of jurisdiction over it and insufficiency of service of process. Rule 12(b) authorizes such defenses as these to be made by answer, or, at the option of the defendant, by motion before answer, and Rule (12) (d) provides that, whether made by motion or by answer, they shall be heard before trial, upon the application of either party. I think that under the circumstances here present these motions should be treated as the equivalent of answers and that it should be held that plaintiffs had no right under Rule 41(a) (1) to file notices of dismissal while these motions were still pending undetermined.

In Butler v. Denton, 10 Cir., 150 F.2d 687, no answer had been filed by the defendants, but the United States had intervened, on its own behalf and on behalf of the restricted Indians involved in the action, as it was entitled to do under the statute. The appellate court held that the lower court had not abused its discretion in denying plaintiff's motion for leave to dismiss without prejudice. It treated the plea of intervention as the equivalent of an answer. It said at page 690 of 150 F.2d (first paragraph, left column): "It therefore is clear that the plea of intervention tendered justiciable issues for determination. And in that posture of the case, plaintiff was not vested with the absolute right of dismissal, either by the filing of a notice of dismissal or by the filing of a motion in the nature of such notice. She could dismiss only upon order of the court, and upon such terms and conditions as the court deemed proper. Under the rule, the court is vested with a reasonable discretion in the matter

of dismissal after the filing and service of the answer, or the filing and service of a plea of intervention which tenders one or more justiciable issues, * * *."

See also Love v. Silas Mason Co., D. C.W.D. La., 66 F.Supp. 753.

■ I think that these cases justify the conclusion that the motions to dismiss the first actions should be treated as equivalent to answers and that, therefore, defendant's motions to vacate the notices of dismissal should be granted. It has often been held that the Rules are to be liberally interpreted and applied in order to do justice.

If the notices of dismissal should not be vacated, the defendant will undoubtedly make similar motions attacking the jurisdiction of the court over the second actions, which will have to be briefed and argued a second time. The only difference in the facts upon which these new motions would be based and the facts upon which the pending motions to dismiss the first actions are based is that process in the second actions was served upon Cooper Hunt, the Eastern Traffic Manager of defendant, while process in the first actions was served upon Thomas J. Cullen, the chief clerk in defendant's office. Plaintiffs' attorney says that his purpose in instituting the second actions was to avoid the risk of having the service of process in the first actions vacated on the technical ground that Cullen was not a proper party for service, while no such claim can be made as to Hunt, for service upon him as a proper person was sustained in Barnett v. Texas & P. R. Co., 2 Cir., 145 F.2d 800. As defendant's attorney offered in his argument (and now renews it) to withdraw that branch of his motions to dismiss the first actions, it is suggested that he file such a formal withdrawal now, or that the parties stipulate that service of process in the first actions be deemed to have been made upon Cooper Hunt. That would enable one to decide defendant's motions upon the first two grounds urged by it. As the affidavits and briefs which were to be submitted upon these motions have not been submitted, due probably to the orders to show cause, it will be directed that they be exchanged

and submitted within 10 days after the date of this opinion. Meanwhile, upon two days' notice to plaintiffs' attorney, defendant will submit an order in accordance with this opinion vacating the notices of dismissal and staying all proceedings in the second actions until 20 days after service of such order as may be directed to be entered upon the decision of the pending motions to dismiss the first actions and plaintiffs' applications to take depositions as to defendant's corporate activities in this District. It is of no importance whether the question of defendant's doing business in this District is decided in the first or in the second action.

The court does not have authority, as suggested by plaintiffs' attorney, to order that the vacating of the notices of dismissal be conditioned upon requiring the defendant to answer the complaints within 10 days. That would leave the motions to dismiss undetermined and defendant certainly has the right to have them decided now.