FLEETWOOD et al. v. MILWAUKEE MECHANICS' INS. CO.

No. 758.

District Court, W. D. Missouri, S. D.

Dec. 6, 1947.

Sesco V. Tipton, of Springfield, Mo., for plaintiffs.

E. C. Hamlin, of Springfield, Mo., for defendant.

REEVES, District Judge.

The record shows that the plaintiffs filed their suit in a state court and that although there was a diversity of citizenship, the amount in controversy was insufficient to confer jurisdiction upon this court. Sundry motions were filed in the state court including one to require the plaintiffs to give security for costs. While the case was pending in the state court the plaintiffs filed an amended complaint and the amount in controversy was raised to the jurisdiction of this court. Thereupon the defendant timely took steps to remove the case to this court. Before the transcript was filed the plaintiffs served notice upon the defendant as follows: "Please take notice the above case is hereby dismissed."

It is contended by the defendant that the court ought to name conditions upon which dismissal may be made. Applicable provisions of Rule 41 are as follows:

"* * * an action may be dismissed by the plaintiff *without order of court* (i) by filing a notice of dismissal at any time before service of the answer * * *."

The record shows that no answer had been filed and under the authorities it was the right of the plaintiffs to dismiss their action without an order of court. It has been held by one or two courts that a motion for a summary judgment was so much in the nature of an answer that it would bar a voluntary dismissal without an order of court. Observing that ruling, the Supreme Court, by a proposed amendment to Rule 41, which amendment is not as yet effective, submits as follows:

"* * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, * * *."

It is obvious that if the Supreme Court had intended to limit the right of the party to enter a voluntary dismissal the conditions would have been enumerated in this amended rule.

It is the uniform holding of the courts that a plaintiff may dismiss his action without order of court prior to service of defendant's answer and unless otherwise indicated in the dismissal it is without prejudice. There is an exception, of course, that where plaintiff has theretofore dismissed an action based upon, or including the same claim, the right of dismissal is precluded. Mott v. Connecticut General Life Ins. Co., D.C., 2 F.R.D. 523; Jordan v. Marks, D.C., 55 F.Supp. 204, loc. cit. 206.

The voluntary dismissal on the part of the plaintiff of course carries with it judgment for costs in this court. And the defendant would be entitled to execution for the satisfaction of said costs. Moreover, if the plaintiff seeks to file suit again in the state court, the fact of the dismissal and the judgment for costs may be called to the attention of the state court and such rules, if any, may be invoked as would protect litigants under such circumstances.

In view of the express provisions of the rules the plaintiffs are entitled to their dismissal without any order or action on the part of this court. It will be the duty of the Clerk to make an entry upon the voluntary dismissal with costs against the plaintiffs.