426

## COMPANIA PLOMARI DE VAPORES, S. A., v. AMERICAN HELLENIC CORPORATION.

United States District Court
S. D. New York.

May 21, 1948.

John D. Stephanidis, of New York City, for plaintiff.

Parnell J. T. Callahan, of New York City (Parnell J. T. Callahan, and Louis Merlino, both of New York City, of counsel), for defendant.

HULBERT, District Judge.

Defendant moves to set aside plaintiff's voluntary dismissal of the above entitled action and to compel the plaintiff and its attorney to accept service of the proposed answer and counterclaims attached to the moving papers.

Plaintiff is a corporation organized and existing under the laws of the Republic of Panama and purported to be the owner of the S/S Helen, a vessel registered under the laws and flying the flag of the Republic of Costa Rica.

The defendant is a New York Corporation.

On or about March 8, 1948 the S/S Helen, then being within the Port of New York, afloat and moored at a dock in New Jersey, the plaintiff and defendant entered into a written agreement for the sale by the plaintiff and the purchase by the de-fendant of said vessel "ready to go" for the sum of $65,000, upon account of which the defendant paid to the plaintiff $3,000—the balance to be paid on the delivery and acceptance of the vessel.

Upon application to the Chief Engineer of said vessel, the defendant was informed that certain designated repairs were required in order that said vessel be made "ready to go" and in confirmation thereof the defendant procured a survey by Todd Shipyards, and then notified the plaintiff of the required repairs and requested the plaintiff to make them forthwith.

On March 19, 1948 this action was commenced for the recovery of the unpaid balance due under said contract of purchase and sale.

On March 25th, 1948, the defendant served its notice of appearance, but on March 31, 1948, before an answer to the complaint was interposed, the plaintiff, by its attorney, served and filed a notice of voluntary dismissal of the action.

On April 7, 1948, the defendant served its answer on plaintiff's attorney who returned the same forthwith on the ground that there was no action pending.

Rule 41(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. (the amendment effective March 19, 1948 having no bearing in this case), so far as material, reads as follows:

"(1) By Plaintiff; by Stipulation. Subject to the provisions * * * of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer * * *."

The Rule appears to be plain and unequivocal which probably accounts for the fact that there has been little occasion for the courts to pass upon it.

The defendant cites and places reliance upon Ingold v. Ingold, D.C., 30 F.Supp. 347, 348, decided by one of my colleagues, in which he said:

"The pertinent part of * * * Rule 41(a) (1), was never intended as a cloak whereby a client might settle or discontinue a lawsuit, and disregard entirely the interest of the attorney in the law suit."

In that case the action could not have been effectively discontinued without application to and consent of the court because, it appears, that the attorneys for the respective parties discontinued the action after issue had been joined. The court concluded, upon the papers presented, that this course had been taken in order to deprive the plaintiff's attorney of his lien, and the court by its decision, undertook to protect his right of recovery.

In Sachs v. Italia Societa Anonima Di Navegazione, D.C., 30 F.Supp. 442, the same Judge of this Court denied a motion to set aside a notice of discontinuance where no answer had been filed but it was contended by the defendant that his previous motion to dismiss amounted to a general appearance and that the disposition of the motion came under the provisions of 41(a) (1) (ii).

This case is also relied upon by the plaintiff's counsel.

In Sperry Products, Inc., v. Association of American Railroads, D.C.D.C.1941, 2 F.R.D. 48, it was held that a voluntary dismissal by plaintiff before answer, operated as an abandonment of plaintiff's pending motion for leave to take a deposition, and a similar view was taken in Horzepa v. Dauski, D.C., 40 F.Supp. 476.

Motion denied. Settle order on notice.