### SILVER v. INDEMNITY INS. CO. OF NORTH AMERICA.

### Civil Action No. 2423.

United States District Court
D. Connecticut.
Oct. 26, 1948.

David M. Reilly, of New Haven, Conn., for plaintiff.

Donald F. Keefe, of Gumbart, Corbin, Tyler & Cooper, all of New Haven, Conn., for defendant.

HINCKS, District Judge.

This action was brought in the State Court and promptly upon its removal to this court by the defendant the plaintiff filed with the Clerk a written notice of withdrawal. A written confirmation of this notice sent to the defendant was not received until after the defendant had filed its answer. The defendant now asks to have the case assigned for trial and the plaintiff opposes on the ground that there is no case before the court to assign: that upon the filing of her motion the case terminated and the jurisdiction of the court was exhausted.

The defendant contends that a notice of voluntary dismissal under Federal Rules of Civil Procedure, Rule 41(a), 28 U.S.C. A., is a "written notice" which under Rule 5(a) and (d) must be filed *and served.* But Rule 41, like Rule 73(a), expressly calls for a "filing"; the requirement of Rule 5 for serving is omitted. The omission is significant and clearly betokens, I think, an intent that notices under Rules 41 and 73 become effective upon filing without service. It may be noticed that Professor Moore in his treatise on the rules recognizes that a notice of appeal under Rule 73 is completely effective upon filing without service by the appellant. Moore's Federal Practice (2nd Ed., Vol. 2), Pg. 1321. The similarity of Rule 41(a) requires a similar ruling. This conclusion is further supported by the provisions of Rules 31(a), 33 and 36 relating to notices of depositions and interrogatories, and to requests for admission, each of which contains express provision for service. Thus the absence of an express provision for service in Rule 41 is added indication that no such requirement was intended to effect a voluntary dismissal.

It is accordingly ordered that the defendant's motion be denied.