**WILSON & CO., Inc. v. FREMONT CAKE & MEAL CO.**

**Civ. No. 73–47.**

United States District Court
D. Nebraska, Omaha Division.
March 26, 1949.

On Motion Staying Further Proceeding
April 1, 1949.

Yale C. Holland and Kennedy, Holland, DeLacy & Svobeda, all of Omaha, Neb., for plaintiff.

Maxwell V. Beghtol, J. Lee Rankin, John C. Mason, and Kenneth E. Anderson and Beghtol & Rankin, all of Lincoln, Neb., for defendant.

DELEHANT, District Judge.

This case was before the court in Wilson & Co. v. Fremont Cake & Meal Co., D. C. Neb., 77 F.Supp. 364, 380, which sets out, with clarity and detail adequate for present purposes, the nature of the action and the posture of the pleadings up to the date of that ruling. In the cited memorandum (speaking as of March 23, 1948 and filed on March 24, 1948) the court, upon due consideration of a motion by the defendant for a stay of proceedings, under Title 9 U.S.C.A. § 3, pending arbitration of the controversy between the parties asserted in the complaint, announced its ruling in the following summarizing language:

"Upon the entire record before it, the court considers that the defendant's motion is well taken and should be granted. An order is announced accordingly.

"Counsel for the defendant will promptly prepare and submit to counsel for the plaintiff an order reflecting the ruling thus made, and, upon agreement as to form, to the court for entry. If agreement upon the language of the order be not reached, the court on request of either party will settle it."

The clerk on March 24, 1948 transmitted to counsel for the respective parties copies of the memorandum. No formal order in writing "reflecting the ruling thus made" has ever been filed or submitted to the court. Nor has either party requested the court to settle the form of the order upon any disagreement with respect thereto between counsel. Late in April, 1948 the judge was informally advised that the attorney for the plaintiff actually charged with its representation in the case, in consequence of imperative engagements then known generally to exist, had been unable to examine, and agree upon or except to, a form of order theretofore tentatively prepared by counsel for the defendant; and at a somewhat later, though not presently recalled date the persistence of those engagements was mentioned, again informally, this time by one of the defendant's attorneys.

On July 19, 1948, the plaintiff filed in the action without previous service on the defendant a pleading which it designated as a "Motion" but which was actually a notice of dismissal. A copy of the body of the pleading is set out in a footnote.[1] The filing thus made did not invite, or assume to require, any action by the court. But on the same day upon the oral request of plaintiff's counsel, and without notice to the defendant, the court entered an order, reciting the filing of notice of dismissal, and ordering that the action be dismissed without prejudice at plaintiff's costs. A copy of that order is set out in a footnote.[2] Notice of the entry of the order of dismissal was given by the clerk through the United States mail to counsel for both parties on July 29, 1948.

Thereafter, nothing occurred, and nothing was served or filed, in the action until November 13, 1948 when the defendant served and filed its motion for the vaca-

---

[1] "Comes now the plaintiff and files its notice of dismissal of the above entitled action without prejudice to a new action at plaintiff's costs, and does hereby dismiss the above entitled action without prejudice to a new action at plaintiff's costs".

[2] "The plaintiff having filed its notice of dismissal in the above entitled action, and having asked for a dismissal of said action without prejudice,

"It Is Ordered that the above entitled action be dismissed without prejudice to a new action at plaintiff's costs."

902

tion of the court's order of July 19, 1948, the reinstatement of the action and the entry of an order in conformity with the ruling announced in the memorandum of March 23, 1948.[3] It is alleged, in the material offered in support of the motion, and conceded in a brief submitted to the court by the plaintiff, that the plaintiff, on or about October 29, 1948, had instituted an action against the defendant upon its claim set out in its complaint herein, in the District Court of Dodge County, Nebraska, in which county the defendant has its principal place of business. The motion of November 13, 1948 is the subject of this ruling. It is being denied. And the reasons for that action will now be set down.

The voluntary dismissal of actions pending in this court is governed by Federal Rules of Civil Procedure, rule 41(a) (1, 2) 28 U.S.C.A. In its form, effective on July 19, 1948, it is set out in a footnote.[4] Its examination discloses that, by it, a clear distinction is made, both in the character of the plaintiff's right voluntarily to dismiss, and in the procedure for the exercise of the right, as between the time prior, and the time subsequent, to the service by the defendant of his

answer or of a motion for summary judgment. Before such service the plaintiff's right to dismiss (with exceptions that are presently irrelevant) is absolute and unconditioned, and dismissal is accomplished without order of court merely by his filing of a notice of dismissal. After such service he may not dismiss except upon order of court and upon such terms as the court deems proper. And, to invite such an order and the exercise of judicial discretion respecting terms, the service of a motion would appear to be the orderly course and also to be contemplated by the text of Rule 41(a) (2).

In the consideration of the pending motion the critical question is whether, before July 19, 1948 the defendant had served its answer in this action, within the true meaning of Rule 41(a) (1) [5]. The defendant contends that it had, and that, as of that date, the plaintiff's right to obtain a voluntary dismissal was thereby limited by Rule 41(a) (2). With that position the plaintiff disagrees. And the court rejects it.

The importance of the correct resolution of the question whether the defendant had served its answer before July 19, 1948 arises from the inescapable conclusion

---

[3] The essential language of the motion is:

"Comes now the defendant, Fremont Cake & Meal Company, a corporation, and respectfully moves the court to set aside its order of dismissal without prejudice to a new action at plaintiff's costs entered in this proceeding on July 19, 1948 and reinstate said action and enter therein an order of (sic) judgment staying any further proceedings in said cause pending arbitration in accordance with the memorandum opinion. * * * filed * * * March 24, 1948."

[4] "Rule 41. Dismissal of Actions

"(a) Voluntary Dismissal: Effect Thereof.

"(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have

appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

[5] No question of the service of a motion for summary judgment is involved, for, admittedly, none was served.

that, if it had not, the action taken on that date was sufficient to accomplish the dismissal of this suit. And that conclusion is compelled by the explicit language of Rule 41(a) (1). The court is persuaded, first, that the plaintiff's filing under the July date was alone sufficient to effect the dismissal without any order of the court, and, secondly, that if it carried any infirmity as a "notice of dismissal", it was adequate at least to draw the plaintiff's manifest purpose to the court's attention and was appropriately aided by the order then entered.

█ Touching the first of those conclusions, it must be observed that the language of the filing itself (see footnote 1) declares it to be the plaintiff's "notice of dismissal of the above entitled action", and includes language in which the plaintiff "does hereby dismiss the above entitled action". That the plaintiff denominated it a "motion" does not nullify or alter its actual character. It is its content, not its label, that matters. And, by the unmistakable mandate of Rule 41(a) (1) it is made self executing "without order of court". (See citations to that effect, infra.) Furthermore, it was not required to be served on any one at any time, but was only to be filed. (See citations, infra.) That provision of the rule derives emphasis from two sources, first, its departure from the general policy of the rules requiring the service of pleadings, secondly, its distinction from the provisions of Rule 41(a) (2) whereby service of a plaintiff's motion to dismiss after the service of answer is expressly contemplated. The reason for the distinction is at once apparent. The notice of dismissal contemplated by Rule 41(a) (1) terminates the action and leaves nothing to be done either by opposing parties or by the court. The practical

necessity for its service does not exist in the way that such necessity may be predicated of pleadings presented in the course of the prosecution of an action.

In that view of the plaintiff's filing of July 19, 1948 all that need be said of the court's order is that it did not vitiate, nullify or otherwise affect the plaintiff's dismissal. But, if the plaintiff's filing be appraised only as a motion—because it was thus entitled—its language clearly indicated its purpose; and, since no notice to the opposing party of the plaintiff's effort to accomplish the dismissal of its suit was required, the ex parte order of the court should be adequate to carry out the plaintiff's plan, and in that direction to fortify any merely formal infirmity in the plaintiff's own action.[6]

█ One, therefore, encounters the principal question; and that is whether, prior to July 19, 1948, the defendant had served "an answer" in the case and thereby placed it beyond the scope of Rule 41(a) (1) and brought Rule 41(a) (2) into operation. Since its only filing had been its motion for stay under Title 9 U.S.C.A. § 3[7], the matter to be determined is whether that motion was an answer, within the meaning of Rule 41(a) (1). The court considers that it was not.

The authorities cited by the defendant are inadequate to sustain its position. Shanferoke Coal & Supply Corp. v. Westchester Service Corp. 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, did not decide that a motion for a stay of proceedings pending arbitration was an answer. What it did decide, respecting the special defense[8] of the existence of an arbitration agreement, was that it was an equitable defense or cross bill within the meaning of Section 274b of the Code,[9] and that once it was

---

[6] It is hardly necessary to observe that the court attributes no practical effect to its own order, if the defendant's contention that it had served its answer be granted; for, then, Rule 41(a) (2) would have been operative; and it undoubtedly contemplates service of a motion for dismissal and repels any inference that ex parte orders of dismissal without prejudice and without terms, may appropriately be entered in the course of its administration.

[7] Together, of course, with showings incident to its submission.

[8] Which incidentally, see 293 U.S. at page 450, 55 S.Ct. 95, 79 L.Ed. 647, was set up in a general answer by the defendant, and, thereupon, drawn to the court's attention for preliminary ruling by a motion for a stay.

[9] In which it is provided that in all actions at law equitable defenses may be interposed by answer, plea or replication without the necessity of filing a bill on the equity side of the court.

asserted by answer, a motion for a stay of proceedings based upon it was an application for an interlocutory injunction, from a denial of which an appeal would lie. In Gatliff Coal Co. v. Cox, 6 Cir., 142 F.2d 876, a similar view was taken in a case where an agreement for arbitration was pleaded in an answer as a bar to jurisdiction and thereafter was asserted in a motion for a stay. In neither of those cases was there a judicial determination of the status as an answer of a motion for stay pending arbitration. And the citation of Kilpatrick v. Texas & Pacific Ry. Co., D.C.N.Y., 72 F.Supp. 632 in support of the text of Section 3239 Cyclopedia of Federal Procedure, 2d Ed., Vol. 7, Cumulative Supplement, p. 53, is not persuasive; for in all essential respects the cited case was directly reversed by the ruling in Kilpatrick v. Texas & Pacific Ry. Co., 2 Cir., 166 F.2d 788, reversing D.C., 72 F.Supp. 635 in which the final judgment following and resting on D.C., 72 F.Supp. 632 was entered. (Vide infra.)

The language and history of Rule 41(a) (1) repel the construction of it for which the defendant argues. As originally promulgated, it limited to "any time before the service of the answer" the period within which the plaintiff might dismiss his action by unilateral action and without order of court. It was "the answer" whose service was made the critical test. And the singling out of that pleading for the purpose must be regarded against the background of the rules as a whole. Those rules, e. g. Rules 7, 12, assign to an answer the familiar role of the pleading upon the merits responsive to an adversary's claim, with which may be joined sundry special pleas; and make readily observable distinctions between an answer and a motion. The employment of the term "answer" in Rule 41 (a) (1) can not be assigned to inadvertence or to unconsidered selection of the word. It signifies an answer as that expression is used in the rules, and, thus used, it does not include a motion. In its context it rather clearly excludes a motion whose position in the present setting in the field of pleading, though often important and sometimes decisive, is nevertheless preliminary to, or obviative of, the answer. The

design of the rule seems surely to have been to allow voluntary dismissal by a plaintiff, free from interception even by the court, so long as the defendant elects to abstain from the decisive joining of issue by answer, but thereafter to allow voluntary dismissal only by order of court and upon such terms as the court may appropriately impose.

Nor does the practice in the matter of voluntary dismissals, antedating the operation of the rules, argue for a relaxed understanding and application of the word "answer" in Rule 41(a) (1). While, formerly in actions at law, the practice conformed measurably to the applicable state usages. Barrett v. Virginian Railway Co. 250 U.S. 473, 39 S.Ct. 540, 63 L.Ed. 1092; Falvey v. Coats, 8 Cir., 47 F.2d 856, 89 A.L.R. 1, in federal equity suits a very liberal right of dismissal was accorded to a plaintiff. Pullman's Palace-Car Co. v. Central Transportation Co., 171 U.S. 138, 18 S.Ct. 808, 43 L.Ed. 108; Ex parte Skinner & Eddy Corp. 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912; Jones v. Securities & Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015. See also historical analysis in Russo Asiatic Bank v. Guaranty Trust Co., D.C.N.Y., 27 F.Supp. 382. To a substantial extent, Rule 41(a) (1) and (2) restated and regularized the former practice and made it applicable alike in law and in equity cases. But in limiting (as the rule in its initial form did) the unchallengeable right of a plaintiff to dismiss his case without prejudice to the time prior to the service of the answer, Rule 41(a) (1) somewhat narrowed the right as formerly exercised. It ought not still further to be narrowed by unindicated judicial construction and application.

After some nine years of experience the rules were revised. And in the revision, Rule 41(a) (1) was altered in the matter now involved, by limiting the plaintiff's absolute right of voluntary dismissal to any time before the service "by the adverse party of an answer or of a motion for summary judgment, whichever first occurs". The supreme court then had in view the judicial construction and employment of the rule, including the disposition of various contentions that the service of certain motions should be treated in its

administration in like manner as the service of answers. (Vide infra.) Yet, it saw fit to bracket one type of motion only with an answer in defining the pleadings whose service should thereafter prevent the plaintiff's dismissal at will of his action. Doing which, it would reasonably appear to have rejected the supposition that the service of a motion generally should have the defined consequence, and to have limited that effect to the service of a single motion, namely one for a summary judgment. See comments on Approved Amendment to Rule 41, Federal Rules of Civil Procedure, with approved amendments, 1947 Revised Edition, West Publishing Co.

Proceeding to the reported judicial decisions related, in some measure at least, to the point, it will readily be acknowledged that some of them have supported an elastic application of the term "answer" in Rule 41(a) (1).[10] Mention has already been made of Kilpatrick v. Texas & Pacific Ry. Co., D.C., 72 F.Supp. 632, 634, in which the district court treated motions to dismiss for lack of jurisdiction over the person of the defendant and for insufficiency of the service of process "as the equivalent of answers" within Rule 41(a) (1), a ruling which was explicitly repudiated on appeal by the Circuit Court of Appeals. (Vide supra et infra.) In Baker v. Sisk, D.C.Okl., 1 F.R.D. 232, 237, an action removed from a state court, a motion to dismiss on the ground of the statute of limitations was held very early after the promulgation of the rules, to be an answer, despite its denomination. However, the instructiveness of the cited case is substantially nullified by a notation at the end of the reported opinion in the following language: "Judgment subsequent-

ly set aside by Judge Rice (writer of the opinion) and case remanded to the state court". Hydraulic Press Mfg. Co. v. Williams, White & Co., 7 Cir., 165 F.2d 489 contains language broad enough to support the view that Rule 41(a) (2) forbids the voluntary dismissal of any action by a plaintiff except upon such terms and conditions as the court deems proper. But that language betrays a failure of the writer of the opinion to note and observe the exception of those cases which are within Rule 41(a) (1) from the reach of Rule 41(a) (2). Besides, both the Hydraulic Press case and Home Owners' Loan Corp. v. Huffman, 8 Cir., 134 F.2d 314, on whose authority it rests, arose out of motions for dismissal tendered not only after the serving of answers but one during, the other after, trial. Love v. Silas Mason Co., D.C.La.1936, 66 F.Supp. 753 held that in an action to recover overtime compensation under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., a plea of prescription coupled with a motion for summary judgment "were defenses directed to the merits and constituted an 'appearance' sufficient to place the matter of dismissal within the discretion of the court". It will be noted that the opinion confused the service of an answer and the making of an appearance, an attitude which is rejected in several opinions. Then in Woolgar v. La Coste, D.C.La.1947, 69 F.Supp. 571, the same judge denied a plaintiff's right to dismiss at his election after the defendant had moved for summary judgment. But the defendant had also answered more than a year before presenting the motion for summary judgment. A like situation seems to have existed and like ruling was made in Roth v. Great

[10] These opinions may be, and are, disregarded, which arose upon attempted dismissals or motions to dismiss made after the service of responsive pleadings which were answers both in substance and in characterization. Similarly; no present significance is attached to observations to the effect that the court has the power under Section 41(a) (1) to deny dismissal or to condition dismissal upon terms pursuant to a notice thereof filed before the service of answer, where such statements have arisen in cases in which answers had been served, or even after the actions had been tried. International Shoe Co. v. Cool, 8 Cir., 154 F.2d 778 is sometimes cited in support of the contention that a judge has such discretionary power, even where the plaintiff's dismissal occurs before the service of an answer. But such citation is mistaken, for in the Shoe Company case the issues arose after the action had been pending for some nine years, and was fully at issue and in process of trial. Besides, the observations of the writer of that opinion on the discretionary authority of the judge patently have reference to Rule 41(a) (2).

Atlantic & Pacific Tea Co., D.C.Ohio 1942, 2 F.R.D. 182. The impact, upon a plaintiff's right to dismiss, of a motion by a defendant for summary judgment presented a problem for the rule making authority. And in the revision, effective in 1948, that problem was resolved not by acquiescence in, or adoption of, the view that such a motion is actually an answer, but rather by providing that its service, in like manner, as the service of an answer, shall terminate a plaintiff's absolute right to dismiss. The bracketing of the two pleadings in the rule serves rather to emphasize the distinction between them than to confer a benediction on their confusion with each other.

Opinions restricting the reach of the term "answer" to its generally recognized significance may be noted in number and language that prompt agreement with their appraisal of the rule. In Kilpatrick v. Texas & Pacific Ry. Co., 2 Cir., 166 F.2d 788 (already cited) it was held that a motion by the defendant challenging jurisdiction over its person was a defense which under the rules could be made by motion, and that the plaintiff's notice of dismissal following the defendant's motion to jurisdiction was not untimely on the ground that it was filed after answer under Rule 41(a) (1). In Sachs v. Italia Societa Anonima Di Navigazione, D.C.N.Y., 30 F. Supp. 442, the court sustained the plaintiff's right to dismiss at his pleasure after the service of a motion to dismiss and before answer, and rejected the contention that in Rule 41(a) (1), "before service of the answer" should be regarded as equivalent to "before appearance". In Fleetwood v. Milwaukee Mechanics Ins. Co., D.C.Mo., 7 F.R.D. 680, a plaintiff's notice of dismissal was held to be effective of its own force and without order of court where it was given after the filing of certain motions by the defendant in the state court, and its later taking of steps to procure removal, but before the transcript was lodged in the United States District Court. Similar ruling was made by the same judge in Flaig v. Yellow Cab Co. of Mo., D.C.Mo., 4 F.R.D. 174, in which the removing defendant, on receiving the plaintiff's notice of dismissal, sought unsuc-cessfully to nullify it by filing its answer along with the transcript on removal. Instances of the administration of Rule 41 (a) (1) in uncomplicated situations are Horzepa v. Dauski, D.C.N.Y., 40 F.Supp. 476; Jordan v. Marks, D.C.La., 55 F.Supp. 204; Compania Plomari De Vapores v. American Hellenic Corporation, D.C.N.Y., 8 F.R.D. 426. In White v. Thompson, D.C. Ill., 80 F.Supp. 411, the district court had considered, and announced a favorable ruling upon, the defendant's motion, under Title 28 U.S.C.A. § 1404, to transfer the action to a more convenient district and division, but the entry of final order was made to abide the determination on the filing by the plaintiff within ten days of a designation of the district and division to which removal should be made. Within the ten day period, and simultaneously, the plaintiff presented a motion to dismiss without prejudice and the defendant a motion to transfer to an Arkansas district and division. Considering that, no answer having been filed, the plaintiff had, therefore, the right under Rule 41(a) (1) to dismiss without order of court and without terms, the court granted his motion and dismissed the action without prejudice and without terms. In Silver v. Indemnity Ins. Co. of North America, D.C.Conn., 80 F. Supp. 541, the plaintiff's filing of notice of dismissal was held effective in the instant of its filing, although a written confirmation of the notice, thereafter sent to the defendant was not received until the defendant had filed its answer. The case expressly rejected the suggestion that a notice of dismissal under Rule 41(a) (1) is required to be served and declared the adequacy of its filing alone to accomplish its purpose. Upon that point the court reasoned thus: "The defendant contends that a notice of voluntary dismissal under Federal Rules of Civil Procedure, Rule 41(a), 28 U.S.C.A., is a 'written notice' which under Rule 5(a) and (d) must be filed and served. But Rule 41, like Rule 73(a), expressly calls for a 'filing'; the requirement of Rule 5 for serving is omitted. The omission is significant and clearly betokens, I think, an intent that notices under Rules 41 and 73 become effective upon filing without service. It may be noticed that Professor Moore in his treatise on the

rules recognizes that a notice of appeal under Rule 73 is completely effective upon filing without service by the appellant. Moore's Federal Practice (2nd Ed., Vol. 2), Pg. 1321. The similarity of Rule 41(a) requires a similar ruling. This conclusion is further supported by the provisions of Rules 31(a), 33 and 36 relating to notices of depositions and interrogatories, and to requests for admission, each of which contains express provision for service. Thus the absence of an express provision for service in Rule 41 is added indication that no such requirement was intended to effect a voluntary dismissal."

Both the plain language of the pertinent rule and the import of the greater number, and more thoroughly considered, of the cases applying it, therefore, sustain the conclusion of the court already announced upon the pending motion of the defendant, and upon the status of this action at which the motion is aimed.

In the ruling now announced, no controlling significance is attributed to the circumstance that, although the court's ruling upon the defendant's motion for a stay of proceedings was announced some months before the filing of the plaintiff's notice of dismissal, the order contemplated in that announcement had not—and has not yet—been signed or filed. Even if it had been signed and filed before July 19, 1948, no answer having been served, the plaintiff's right to discontinue its case by the filing of a notice of dismissal under Rule 41(a)(1) would have persisted. The defendant at all times before that date had, within its potential employment, the means of terminating that right. It might have served its answer setting up its defenses to the complaint, including its right, under the contract sued upon, to a stay pending arbitration. But it elected not to answer. It may not now claim immunity to the consequences of that choice.

Nor is the court concerned about the plaintiff's institution of a new suit in the state court. It had and has the right to pursue that course. Indeed, several of the cited cases emphasize the immateriality in the present context of the motives which prompt a plaintiff to the voluntary discontinuance of his case. The more advanta-geous prosecution of his claim in another equally available court is recognized as one of such allowable motives, subject to the safeguards against the former hazard of an oppressive multiplicity of dismissals and reinstitutions which the rule itself now provides. It is interesting, but not material, that, so long as the plaintiff refrained from commencing its second suit, the defendant, though fully aware of the dismissal of July 19, 1948, did not see fit to challenge its effectiveness. It seems to have been willing to acquiesce in the dismissal so long as the claim of the plaintiff was not reasserted.

Finally, the court, without deciding the question, has proceeded upon the assumption that it has the power, if the facts warranted its exercise, to enter an order nullifying an unauthorized dismissal, whether by notice or by order. It considers simply that no situation exists which would justify such nullification in this action.

An order is being entered denying and overruling the defendant's motion.

## On Motion Staying Further Proceedings

On March 30, 1949, and after the entry of the court's order of March 26, 1949 denying the defendant's motion for the reinstatement of this action notwithstanding the plaintiff's dismissal and the court's order thereon, under date of July 19, 1948, the defendant served and filed a further motion for an order (in form submitted with the motion) staying further proceedings in accordance with the court's memorandum opinion dated March 23, 1948 and filed on March 24, 1948, and noticed it for hearing under this date. It has been submitted on a brief in the plaintiff's behalf and an oral statement by the defendant's counsel. It must be denied and overruled.

Reflected briefly, the court's primary reason for the action now announced is that since July 19, 1948, this action has not been, and it is not now, pending in this court. There is no occasion, therefore, for the entry of the order, either as operative only from this date, or nunc pro tunc, as of March 23, 1948.

It may be made very plain—though repetition (see pp. 9, 10 of memorandum of March 26, 1949 [83 F.Supp. 906]) is in-

volved in the effort—that the failure seasonably and formally to sign an order staying proceedings and cause it to be filed was in no wise controlling in connection with the court's ruling of March 26, 1949. Even if such an order had been timely filed, it would have intercepted, pending arbitration, further proceedings in this court in the case, but not its voluntary discontinuance, so long, and in such manner, as the Federal Rules of Civil Procedure allow. The plaintiff's right of voluntary discontinuance was not formally challenged by the defendant's original motion for stay. And the court considers that it was not implicitly cut off by the court's ruling on that motion whether the ruling be considered as constituting an order in itself or merely the announcement of an order to be operative on its signature and filing.

In making its present ruling, the court adopts the factual averments—though without the conclusions therefrom—set out in the defendant's motion on which it is made (filing 20). These include the already recorded (see memorandum of March 26, 1949) history of the pleadings and submission antedating the ruling of March 23, 1948; the prompt preparation and submission to opposing counsel by the defendant's attorneys of a proposed order in furtherance of the memorandum of March 23, 1948; the clerk's entry as of March 24, 1948 upon the judgment docket of the court of a minute of the entry of judgment in accordance with the memorandum then being filed; the failure of counsel to agree upon, or to submit to the court for entry or for settlement, any order as directed in the memorandum; the general awareness of the writer hereof (resting on his receipt of a copy of a letter or copies of letters passing between counsel for the parties and on an informal oral statement of the defendant's attorney) that the proposed order had not been agreed upon between counsel; the filings, and order of court, under date of July 19, 1948, which occurred without previous notice to or service on defendant's counsel; and the institution on October 29, 1948 of the suit in the District Court of Dodge County,

Nebraska. In adopting those factual assertions the court does not, inferentially or otherwise, accept the legal construction which the defendant places upon the plaintiff's filing of July 19, 1948, which the court considers actually to be a notice of dismissal. And, only in a broad and liberal sense, does the court consider the defendant's motion for stay pending arbitration to be "an application for an interlocutory injunction". To be sure, there are factors and elements which are common both to a stay of proceedings and to an injunctive order. But they should not be seized upon to blur the manifest and real differences which distinguish the two instrumentalities. Nor should the one order be confused with the other. This point need not be labored further.

One item should be clarified, of which no affirmative mention was made in the memorandum of March 26, 1949. The court had it generally in mind in its observation (p. 2 of memorandum 83 F. Supp. 901) to the effect that nothing occurred from July 29, 1948 to November 13, 1948; but desires now to note it positively and to amplify its statement in accordance with the fact. It is not claimed by the defendant that any arbitration is or ever has been in progress, or has ever been initiated, upon the controversy reflected in the complaint in this case. In fact, the parties have recognized, and presented all of their pleadings in this proceeding, upon the premise, that neither before nor after the court's memorandum of March 23, 1948, has either party taken the steps—or any of the steps—contemplated in their contract (and its incorporated rules) for the setting in motion of the arbitration process. The court, therefore, has not been confronted with the question of a plaintiff's right to dismiss after arbitration either (a) has proceeded to an award, or (b) has been partially conducted, or (c) has even been initiated through the giving by one party of the contemplated notice or notices, or otherwise.

An order is being entered denying and overruling the motion now before the court.