**RIFE et al.**

v.

**McELWEE–COURBIS CONST.
CO., Inc. et al.
Civ. A. No. 4764.**

United States District Court
M. D. Pennsylvania.
July 27, 1954.

———◆———

Markowitz, Liverant & Boyle, York, Pa., for plaintiffs.

E. H. Cushman, Philadelphia, Pa., Fisher, Ports & May, York, Pa., for defendants.

FOLLMER, District Judge.

Plaintiffs, as subcontractors, instituted a civil action for excavating work, etc., alleged to have been performed in and about project known as Additions to Sewage Treatment Plant at York, Pennsylvania. The contract annexed to the complaint contained a clause providing for arbitration. The complaint was filed August 27, 1953, and a jury trial was demanded.

On September 10, 1953, defendants filed their application and motion for stay of legal proceedings and petition for order directing arbitration. Same day the Court set petition for arbitration down for hearing September 30, 1953, and stayed the proceedings until further order of the Court. On September 28, 1953, at the request of counsel, the hearing set for September 30, 1953, was continued to October 16, 1953, at which time argument was had (the plaintiffs, in the meantime, having filed their answer to said petition), the Court reserving decision until after receipt of supplemental briefs. Before filing their supplemental brief and at a time when the Court had the matter under advisement and undecided, plaintiffs proposed to defendants that the latter consent to plaintiffs filing an amended answer to the petition for arbitration; defendants refused the request.

On November 20, 1953, and while the issue of arbitration was still under advisement, plaintiffs moved for the dismissal of the complaint without prejudice, assigning the following reasons:

"(a) No answer on the merits nor motion for summary judgment has been filed.

"(b) Plaintiffs' information and belief was that Ertel Construction Company, Co-Defendant, is a corporation. According to Paragraph 13 of Defendants' Motion for Stay of Proceedings, 'the proper name of the Contractor is Stephen A. Ertl, Jr., of Mr. (sic) Ephraim, New Jersey,

trading as Ertel Construction Co.' Accordingly, no service has been made on the Co-Defendant and jurisdiction has not vested in the Court."

On the same day, to wit, November 20, 1953, the Court entered an order setting the plaintiffs' motion for dismissal down for argument December 2, 1953, and directed that all proceedings be stayed until the further order of the Court.

On December 2, 1953, defendants moved to strike plaintiffs' motion for dismissal without prejudice, assigning the following reasons:

"1. Said motion for dismissal was filed at a time when the court had under advisement and had not yet decided contractor's application and motion for a stay of legal proceedings and contractors' petition for an order directing arbitration, filed by contractors in the above-entitled case.

"2. Plaintiffs may not, by dismissal without prejudice, seek to thwart their contractual obligation for arbitration of the dispute between the parties in the event that your Honorable Court construes the contract of April 2, 1952, to require arbitration of the dispute between the parties.

"3. Plaintiffs have subjected contractors to considerable expense by instituting suit after contractors requested arbitration of the dispute between the parties, as is more particularly set forth in the affidavit of William C. McElwee annexed hereto.

"4. And for such other reasons as may be argued at the hearing on this motion.

"5. Plaintiffs now being before your Honorable Court by reason of contractor's application for stay and order directing arbitration, in the alternative contractors respectfully contend that the court should so mold its decision with respect to plaintiff's (sic) motion for dismissal of plaintiffs' civil action that if the court sustains contractors' application and motion for stay and petition for order directing arbitration, the plaintiffs be required to proceed with the arbitration regardless of the pendency or dismissal of the civil action which plaintiffs now seek to be dismissed."

Same day, to wit, December 2, 1953, plaintiffs answered, again asserting that the Court, for reasons stated in their motion for dismissal, lacked jurisdiction over Stephen A. Ertl, Jr., denied that plaintiffs sought to thwart any contractual obligation, and also denied that plaintiffs have any contractual duty to arbitrate. Plaintiffs further answered by stating, in effect, that they had belatedly come to the conclusion that they should plead with more particularity, that it will be their purpose to reinstitute their action and with the additional showing they propose to make in their new complaint it will be apparent to the Court that the specific arbitration clause in the contract is not applicable to plaintiffs' cause of action.

Rule 41(a)(1) of the Federal Rules of Civil Procedure, 28 U.S.C., provides, inter alia, as follows:

"* * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, * * *."

Rule 41(a)(2) provides, inter alia, as follows:

"Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * *"

Probably as an extra precautionary measure plaintiffs have moved the Court for dismissal of the action under Rule 41(a)(2). Regardless of plaintiffs' vacillation which is evident throughout the pleadings, I am of the opinion that on the record as it stands they are entitled to a dismissal of the action on their own initiative and without the aid of the Court. This being so, it does not become necessary or appropriate for the Court to qualify the dismissal by terms or conditions.

Rule 1 of the Federal Rules of Civil Procedure provides that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 8(f) states the canon of construction, "All pleadings shall be so construed as to do substantial justice."

"The purpose of the first sentence of Rule 41(a)(1) is to facilitate the voluntary dismissal of an action, but safeguard abuse of the right by limiting its application to an early stage of the proceedings." 5 Moore's Federal Practice 1007 (2d Ed.) "The amount of research and preparation required of defendants was stressed by the Committee Note when Rule 41(a)1 was amended in 1948 as a reason for adding the reference to a motion for summary judgment." Harvey Aluminum Inc. v. American Cyanamid Co., 2 Cir., 203 F.2d 105, 107. It is significant that the sole additional road block to a dismissal under this rule is a motion for summary judgment.

Defendants elected not to answer and incorporate in their answer a demand for arbitration under the contract. Rather, they filed their application by motion for stay of legal proceedings and petition for order directing arbitration. No responsive pleading on the merits was ever filed and therefore plaintiffs are entitled to their motion to dismiss the complaint. Wilson & Co., Inc. v. Fremont Cake & Meal Co., D.C.Neb., 83 F.Supp. 900.

An order may be submitted.