The DETROIT EDISON COMPANY, a Michigan and New York Corp., Plaintiff,

v.

WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania Corporation, Midvale-Heppenstall Company, a Pennsylvania Corporation, Heppenstall Company, a Pennsylvania Corporation, and Daman Industries, Inc., a Pennsylvania Corporation, Defendants.

Civ. A. No. 78–72557.

United States District Court,
E. D. of Michigan, S. D.

Jan. 5, 1981.

Stephen M. Carpman, Jane K. Souris, Detroit, Mich., for plaintiff.

Dykema, Gossett, Spencer, Goodnow & Trigg by Gregory M. Kopacz, Detroit, Mich., for defendant Westinghouse Elec. Corp.

Garan, Lucow, Miller, Seward, Cooper & Becker, P.C. by Albert A. Miller, Detroit, Mich., for defendants Midvale-Heppenstall Co., Heppenstall Co. and Daman Industries, Inc.

## OPINION

GILMORE, District Judge.

The issue in this case is whether plaintiff can voluntarily dismiss one of the defendants pursuant to F.R.C.P. 41(a)(1) two years after the commencement of an action where, at the commencement of the action, the plaintiff granted the defendant an indefinite extension of time in which to answer. No answer has yet been filed by defendant Westinghouse, although defendant Westinghouse did participate in numerous events in the case, including the filing of a joint petition for removal, pre-trial conferences, the taking of a deposition, and the exchange of letters between parties.

In September, 1978, plaintiff commenced an action against defendants, Westinghouse Electric Corporation, Midvale-Heppenstall Company, Heppenstall Company, and Daman Industries, alleging that it incurred damages as a result of a defective turbine generator rotor manufactured by Midvale-Heppenstall Company. At the time of starting the suit, Plaintiff granted Westinghouse an indefinite extension of time to answer the complaint.

During the two year period from the time of the institution of the suit, Westinghouse participated as a party in the lawsuit in several respects, including the taking of a deposition and involvement in several pretrial conferences. In a document dated September 24, 1980, filed on October 14, 1980, the plaintiff entered a notice of dismissal with prejudice, citing F.R.C.P. 41(a)(1). On October 9, 1980, Midvale-Heppenstall filed its motion to strike the notice of dismissal, alleging that the voluntary dismissal of Westinghouse was not available to the plaintiff in view of the passage of more than two years, and the participation of defendant Westinghouse as a party in the lawsuit.

Midvale-Heppenstall argues that to allow the voluntary dismissal by the plaintiff would be inconsistent with the rationale of F.R.C.P. 41(a)(1). It claims that the essential purpose of F.R.C.P. 41(a)(1) is to prevent the arbitrary dismissal of a party after an advanced state of a suit has been reached, and that the rule does not turn on merely whether an answer to plaintiff's complaint was filed. It cites *Harvey Aluminum, Inc. v. American Cyanamid*, 203 F.2d 105, (CA2 1953); cert. den. 345 U.S. 1964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), which held, on the facts of that case that a literal application of F.R.C.P. 41(a)(1) would not be in accord with the essential purpose of preventing arbitrary dismissals after an advance stage of the suit had been reached. It ordered the notice of dismissal vacated.

F.R.C.P. 41(a)(1) states:

"(a) Voluntary Dismissal: Effect Thereof.

(1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, ...

Discussing the Rule, Moore says:

"... [N]egotiations, the filing of other motions, or the taking of other action in the suit, which cannot be construed as, or analogized to, an answer or a motion for summary judgment do not cut off plaintiff's right to file a notice of dismissal under Rule 41(a). Thus it has been held that the filing by defendant of a motion for stay of legal proceedings and petition for order directing arbitration did not cut off plaintiff's right to dismiss the action on its own initiative; nor would a motion

by defendant for a more definite statement terminate plaintiff's right to dismiss under Rule 41(a)(1)(i). A motion to dismiss for improper venue or for lack of personal jurisdiction is not a responsive pleading within the meaning of Rule 41(a)(1)(i)." *Moore's Federal Practice* 2d Edition, Volume 5, pages 41–35 to 41–36.[1]

A leading case interpreting Rule 41(a)(1) is *American Cyanamid Co. v. McGhee*, 317 F.2d 295 (CA5 1963). The Court, discussing the effect of the Rule, stated (Page 297):

"Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing . . . ."

The Sixth Circuit has also dealt with the effect of Rule 41(a)(1) in *D.C. Electronics, Inc., v. Nartron Corporation*, 511 F.2d 294 (CA6 1975). In that case the Court considered *Harvey Aluminum v. American Cyanamid*, supra, and rejected the *Harvey* rationale. The court pointed out, on page 298:

" . . . However, the far more persuasive argument presented by appellant, and the basis for our decision here, is that Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court. Other than to determine, should the question arise, whether an answer or a motion for summary judgment has in fact been filed prior to

the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i). . . .

"Appellees urge that such a position leaves a defendant defenseless against the whim and caprice of the plaintiff. Not so. The defendant can protect himself by merely filing an answer or motion for summary judgment. Furthermore, built into Rule 41(a) is the overall provision that the plaintiff can but once voluntarily dismiss without prejudice. Thus, plaintiff's ability to harass defendant by the filing and dismissing of successive actions involving the same claim or claims is limited and can be cut off completely by the diligence required in the filing of an answer or motion for summary judgment."

See also *Plains Growers, Inc. v. Ickes-Braun Glass, Inc.*, 474 F.2d 250 (CA5 1973) and particularly cases cited on page 254.

Here it is uncontroverted that neither an answer nor a motion for summary judgment has been filed, and therefore the dismissal of Defendant Westinghouse from the lawsuit was proper under F.R.C.P. 41(a)(1). Defendant Midville-Heppenstall Company is not prejudiced in any way. Other procedural devices remain available to it should it be determined that there is a substantive basis for the assertion of liability against Westinghouse. Both the Michigan Contribution Statute, MCLA § 600.2925d and F.R.C.P. 14 provide procedural alternatives to Midvale-Heppenstall.

For the reasons given, it is ordered that Midville-Heppenstall's motion to strike the dismissal of defendant Westinghouse be, and the same is, hereby denied.

---

1. See *Rife v. McElwee-Courbis Construction Company Inc.*, 16 F.R.D. 11 (MD PA 1954); *Kroger Co. v. Giem* (MD Ten 1959) 2 FR Serv 2d 41a 111, Case 1, Seem; *Scam Instrument Corp. v. Control Data Corporation* (CA7 1972) 458 F.2d 885 (CA7 1972); *Sheldon v. Amperex Electronic Corporation*, 52 F.R.D. 1 (ED NY 1971), affd. 449 F.2d 146 (CA2 1971).