## OKEY v WEBER

Ohio Appeals, 7th Dist, Monroe Co

Decided Nov 23, 1932

T. J. Kremer, Woodsfield, for plaintiff in error.

Matz & Matz, Woodsfield, for defendant in error.

ROBERTS, J.

Motion for a new trial was filed and overruled, and error has been prosecuted to this court, it being the contention of the plaintiff in error that prejudicial and reversible error occurred in several instances in the trial of said cause.

Consideration will now be given to allegations of alleged error No. 7 and 8, as found in the petition in error, reading as follows:

"7. Said court erred in refusing to continue the case, as requested by plaintiff in error upon motion, and the affidavits filed in said cause.

8. There was an abuse of discretion by the court in refusing to continue the case as requested by plaintiff in error, upon motion and affidavits filed in said cause, and said plaintiff in error was prevented from having a fair trial."

When the case was called for trial, and before the introduction of testimony, the defendant, by his counsel, filed a motion reading as follows:

"Now comes the defendant, Miles Okey, and asks that said cause be continued until such time as either Bessie N. Weber, a material witness, or her testimony can be produced."

With this motion, was filed the affidavit of the defendant, stating in substance that Bessie N. Weber, wife of said Alfred C. Weber, is an important and material witness in said proceeding, and that he cannot proceed without her testimony, and that her whereabouts were unknown; that he has made an endeavor to locate her in order to have her present at the trial, or to take her deposition in said hearing, but has been unable to do so;

That if the cause is continued, that the personal attendance or the testimony of said Bessie N. Weber will be procured, and that due diligence has been exercised in learning the whereabouts of said witness.

That no subpoena has been asked for the reason that she is supposed to be residing in Akron, Summit County, Ohio, and that the Sheriff of said County has been unable to locate her for the purpose of serving summons upon her. That said continuance is not made for delay.

The trial court overruled the said motion for a continuance, and caused the trial to

proceed.

Thereupon, some twelve witnesses testified for the plaintiff, whereupon, the plaintiff rested his case.

The defendant then called one witness who testified concerning a conversation with a witness for the plaintiff, and rested.

Counsel for defendant then asked that he be permitted to file, as evidence in the case, the second motion for continuance and the affidavits in support thereof, to which, objections were made and sustained by the court.

It is claimed on behalf of the plaintiff in error that the refusal of the trial court to continue this case, and requiring that it be submitted to the jury in the absence of the said Bessie N. Weber was an abuse of discretion, and very detrimental and prejudicial to the rights of the plaintiff in error.

It may be presumed that Bessie N. Weber, the wife of the plaintiff, whose affections were claimed to have been alienated by the plaintiff in error, which was affirmed as a basis for recovery of damages in this action, would be a very important witness in this case. She is the one person who knew more about the facts concerning the controversy in issue than any other person. She had complete knowledge of the truth or falsity of the allegations of her husband's petition, and, also, as to whether or not the plaintiff in error attempted to or did alienate her affection from her husband.

The plaintiff below was able to introduce witnesses whose testimony tended to establish his contention of the association of his wife with the plaintiff in error.

It may be reasonably considered to be true plaintiff in error would be obliged to rely largely upon the testimony of the wife as to whether her affections for her husband were, as a matter of fact, alienated from him and transferred to the plaintiff in error.

The affidavit of the plaintiff in error indicates, in the opinion of this court, the exercise of reasonable diligence to secure the attendance of this wife as a witness. Naturally, her presence upon the witness stand would be somewhat embarrassing to the wife irrespective of what her testimony would be, and, perhaps, she was reluctant to appear and testify, and so actuated, prevented her whereabouts from being discovered, and her presence or testimony secured.

In fairness to the defendant below, in litigation in which there was sought to be recovered from him a large sum of money, it is thought that an opportunity should have been granted to the defendant to secure the presence of this witness, or her testimony by deposition, by postponing or continuing the case.

It is not apparent that by so doing, the plaintiff below would have been prejudiced, and a fair opportunity to defend and justice to the defendant required that this continuance be granted him.

We think this refusal to continue the case constituted prejudicial and reversible error.

It is, also, claimed by another motion that by the trial taking place, as before stated without continuance, he was deprived of the services of his leading counsel who was otherwise engaged. The letter of this attorney, which is in evidence, fails to wholly substantiate the contention of the defendant below as to whether this attorney was actually depended upon.

For this and other reasons not necessary to specify in detail, no prejudicial error is recognized in this respect.

Some other allegations of prejudicial error are alleged in the petition in error, including a claim of error in the charge of the court, and in refusing to give requests asked for, and in the admission of evidence, which are not now of importance for the reason that this case will be reversed for refusal to continue the case, and it is not important to enter into a discussion of those alleged errors which, presumably, will not have any effect upon a re-trial.

For the reasons given, the judgment of the Court of Common Pleas is reversed, and the cause remanded.

FARR and POLLOCK, JJ, concur in the judgment.