BOHN, APPELLEE, *v.* DEYO, APPELLANT.

(Decided October 7, 1940.)

*Mr. John F. McCrystal* and *Mr. Robert W. McCrystal,* for appellee.

*Messrs. Flynn, Frohman, Buckingham, Py & Kruse,* for appellant.

LLOYD, J.   State route No. 269, a main thoroughfare, extends in a northerly and southerly direction in Erie county between Bellevue and Castalia. Route No. 101, not a main thoroughfare, extends in an easterly and westerly direction and does not intersect but, coming from the west, joins and stops at route No. 269 directly opposite a driveway leading from private property into route No. 269.

On October 18, 1938, the defendant Mildred Deyo was proceeding in an automobile northerly on route No. 269. The weather was fair, the sun shining and the pavement dry. The plaintiff Bohn, familiar with these highways, was backing a small truck westerly out of the driveway into highway No. 269. He looked both ways, he says, and seeing no traffic, moved into the highway and when the rear of his truck entered therein, he stopped. The wheels were then setting "just outside the curb" and "the box extended out 36 inches." Looking south through the glass of the door of his truck, he saw the defendant approaching 200 feet away on the easterly side of route No. 269, where she had a lawful right to be and should have been. Bohn paid no further attention to the defendant's automobile except to look "out of the back glass, waiting for her to go past." He did not see the Deyo car again "until it was just about to hit the truck." There was no other traffic on either of the two highways. Bohn said that when he saw the automobile 200 feet away it was not going over 35 miles an hour at the most, but this was just a guess on his part, and that his best judgment was that at the time of the impact its speed was somewhere about 15 miles an hour. Another witness said that he saw the Deyo car 200 feet away

travelling not more than 30 miles an hour and that it seemed to maintain that speed to the moment of the collision.

Mrs. Deyo testified that she was en route to Castalia and that she had been proceeding "around 30 to 35 miles an hour" until arriving at a curve south of the junction of routes Nos. 101 and 269, where she reduced the speed of her car to 20 or 25 miles an hour, which she maintained until arriving at route No. 101, when she "slowed down to about 15 miles an hour." She looked ahead while proceeding on route No. 269 until within about 50 feet of the private driveway when she "looked left for No. 101, practically the entire distance from there to the driveway," there being usually "quite a bit of traffic" on No. 101. She saw no traffic on either No. 101 or 269, and was traveling "between a foot and a half and two feet from the edge of the curb" and "not until after I hit it," she says, did she see the Bohn truck. At the place of collision, highway No. 269 is not within any municipality, and, as has been said, was a main thoroughfare.

In his petition the plaintiff pleads that "defendant carelessly and negligently failed to operate said automobile so that the same could be stopped within the assured clear distance ahead; the defendant carelessly and negligently failed to slacken the speed of said automobile or to turn the same in time to avoid striking the truck which this plaintiff was driving; and that the defendant carelessly and negligently failed to keep a proper lookout for other persons using said highway."

The trial in the Court of Common Pleas resulted in a verdict and judgment for plaintiff in the sum of $6,000. Motions for judgment notwithstanding the verdict and for a new trial having been denied, defendant appeals to this court on questions of law.

Numerous errors are alleged as prejudicial, of which only the following are important:

1. Refusal of the trial court to give to the jury before argument a requested special instruction.

2. Instructions in the general charge as to the applicability of a portion of Section 12603, General Code.

3. Refusal to sustain either the motion of defendant for a directed verdict or her motion for judgment notwithstanding the verdict.

The written instruction requested by defendant reads:

"If you find that the plaintiff, in the exercise of ordinary care, at the time and place in question, could have avoided the collision, then your verdict must be for the defendant."

This request, being a correct statement of law and applicable to the issues presented by the pleadings and the evidence, should have been given.

The trial court in its general charge instructed the jury as to the duty imposed on the defendant by the "assured clear distance" provision of Section 12603, General Code. Under the evidential facts and circumstances surrounding and incidental to the occurrence, and the limited speed at which Mrs. Deyo was driving her automobile, this statutory provision did not apply to her, and the charge thereon was therefore erroneous.

If the trial court was correct in refusing to sustain either the motion of defendant for a directed verdict or her motion for a judgment notwithstanding the verdict, then the foregoing discussed errors, being prejudicial to the defendant, would require a reversal of the judgment.

The remaining question for consideration is, whether the court should have granted one or the other of these motions. The truck was obstructing a highway in violation of Section 6310-29, General Code, which provides that: "A vehicle joining the flow of traffic on a road or highway from a standing position,

an alley, a building, or private property shall yield the right of way to all other vehicles.''

This statute creates a mandatory obligation which, without plausible excuse, Bohn made no effort to obey. Seeing the Deyo automobile approaching, he sat nonchalantly in his truck instead of withdrawing it into the driveway, to do which he had ample time, and where, under the circumstances in evidence, he should have been and where he should have waited until the right-of-way Deyo automobile had passed. The right of way which Bohn should have accorded to Mrs. Deyo was the right as provided in Section 6310-28, General Code, to proceed uninterruptedly on a highway such as No. 269 in the direction in which she was going, the statutory *prima facie* lawful speed whereon was 45 miles per hour. Proceeding as she was doing in a lawful manner, she was entitled unqualifiedly to the statutory right of way and was not required to anticipate the violation by Bohn of these statutes nor to change her course until aware thereof.

The violation by Bohn of Section 6310-29, General Code, was a *per se* negligent act, and if the defendant Deyo had been negligent in any respect, it is plain that Bohn was guilty of such contributory negligence as would bar his recovery of a verdict and judgment. But there is no evidence of negligence on her part, and the judgment of the Court of Common Pleas must therefore not only be reversed but final judgment must be and is rendered for the appellant.

*Judgment reversed and*
*final judgment for appellant.*

CARPENTER and OVERMYER, JJ., concur.