## ROTH v. GREAT ATLANTIC & PACIFIC TEA CO.

### No. 285.

District Court, S. D. Ohio, E. D.

Jan. 14, 1942.

Wilson & Rector, of Columbus, Ohio, for plaintiff.

Dargusch, Caren, Greek & King, of Columbus, Ohio (John Caren, of Columbus, Ohio, on the brief), for defendant.

UNDERWOOD, District Judge.

This is a suit in equity which originated in the Common Pleas Court of Franklin County, Ohio, and later was removed by the defendant to this Court.

The plaintiff, a retailer of cigarettes and other tobacco products, entered into a contract with a wholesaler of cigarettes wherein he agreed not to resell the cigarettes he purchased from the wholesaler for less than certain minimum prices, which contract is alleged to be authorized by the Ohio Fair Trade Act, Sections 6402-2 to 6402-9, inclusive, of the Ohio General Code. The contract recited that the wholesaler was entering into similar contracts with other retailers, containing provisions for minimum resale prices identical with those provided for in plaintiff's contract.

The defendant did not enter into any such contract and did not agree to maintain such minimum resale prices for the cigarettes it sold, but does admit that it sold cigarettes at prices less than those provided for in plaintiff's contract after receiving notice of such schedule of prices. Plaintiff, alleging violations by defendant of the Ohio Fair Trade Act, brought this suit to enjoin the defendant from selling cigarettes at prices less than those provided for in plaintiff's contract.

Before a trial of this case was had, the Ohio Supreme Court rendered its decision in the case of Rayess v. Lane Drug Co., 138 Ohio St. 401, 35 N.E.2d 447. In that case there was involved the validity of a contract which purported to regulate and fix the retail prices for the sale of cigarettes in the state of Ohio, and it is the belief of both parties herein that the Rayess case is determinative of the issues in this case. Accordingly, the plaintiff moved to dismiss this suit without prejudice, at his costs; and the defendant moved for summary judgment. The cause is now before the Court on these two motions.

Plaintiff contends that "the right to dismiss the action without prejudice is guaranteed by Section 11586 of the General Code of Ohio," but cites no authority for

this claim of right. The Court is of the opinion that even in the state courts this statute is not interpreted to give the plaintiff an absolute right to dismiss; that the Court may in its discretion refuse to grant the motion in the interests of justice. See Ohio Jurisprudence, Dismissal, Sections 4 and 10. But, be that as it may, it is of course clear that rules of procedure made for the state courts do not govern the practice in the Federal Courts. In this Court we must be guided by the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The plaintiff's motion to dismiss comes within the purview of Rule 41(a) (2), where it is provided that after an answer has been filed, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The motion, then, is addressed to the discretion of the Court, and the Court should make that disposition of it which will insure substantial justice to both parties to this suit.

The defendant, by its counsel, has made affidavit that it has expended the sum of Two Thousand ($2,000) Dollars in its defense of this suit. Under such circumstances the Court would abuse its discretion in granting plaintiff's motion for dismissal and relegating the defendant to a few dollars by way of statutory costs.

In weighing the equities, the mere fact that a dismissal without prejudice would work a hardship on a defendant, in that at a later date he might have visited upon him the burden of defending against a second suit, is not enough to move the Court to deny such a dismissal. But here there is much more in defendant's favor. Not only has defendant been called upon to defend against this action for more than a year at considerable expense, but during the progress of this suit defendant has acquired substantial rights, and it now seeks a judgment on the merits.

The Ohio Supreme Court has already passed upon the legality of a contract like that here involved. In its opinion in the Rayess case, cited supra [138 Ohio St. 401, 35 N.E.2d 451], that Court declared:

"The contract here under consideration, in which the wholesalers or distributors of all brands of cigarettes fix the prices of all brands and have these prices agreed to by the retailers, is one which destroys all competition in the cigarette market and violates the antitrust laws of this state.

"Since these contracts are authorized as exceptions to the general rule of law forbidding restraint of trade and monopolistic schemes, they must be strictly construed and held within provisions of the law which permits them. We hold that the contract in question does not come within the spirit or letter of the Fair Trade Act, but is illegal and void."

The issue presented by this suit, as in the Rayess case, is whether the contract involved is illegal and void because of a violation of the laws of Ohio. The Ohio Court has declared such a contract void and if a determination of this case on its merits were had, this Court would be bound to follow the Ohio decision. In view of that decision, and the equities here involved, this Court is of the opinion that defendant should not be dismissed from this Court without a determination of his rights by this Court.

Therefore, the Court denies plaintiff's motion to dismiss without prejudice, and grants defendant's motion for summary judgment.

Entry accordingly.