Bennett et al., Appellees, *v.* Krauss, Appellant.

(No. 4576—Decided February 8, 1956.)

*Messrs. Herberich, Rowley, Taylor & Pierson,* for appellees.
*Mr. Nelson Hovey,* for appellant.

DOYLE, J. This action was commenced in the Municipal Court of Akron. The plaintiffs therein recovered a judgment in the sum of $1,132.10 and costs against the defendant for damages to an automobile. The issues of negligence, contributory negligence, proximate cause and damages were presented to the court for decision, a jury having been waived. The defendant has appealed to this court, alleging error in the rendition of the judgment against him.

There is evidence tending to prove that on April 25, 1953, Bennett, a plaintiff, was operating his automobile north on the Akron-Canton Road and that traffic was moving in both directions, including a tractor-trailer unit traveling south. The defendant, Krauss, had parked his car off the west side of the four-lane highway, and, when leaving the parking area to proceed north toward Akron, drove easterly across the southbound lanes, and behind the aforementioned tractor-trailer unit traveling south in the southbound lane.

As he emerged from behind the tractor-trailer, he saw the plaintiff's car proceeding north on its proper side of the highway. The defendant thereupon applied his brakes and came to a stop in the center of the highway, with the front part of his

car over the center line. At this moment, Bennett, a plaintiff, had arrived at the scene and, to avoid a collision, turned his car to the right. He then applied his brakes, and his car swerved off the highway and into the front wall of a building adjacent to the roadway. The resulting damage to the car and the reasons therefor caused the lawsuit.

The General Exchange Insurance Corporation is a party plaintiff through an assignment by Bennett of a part of his claim.

The appellant, Krauss, asserts the following errors, which he claims are prejudicial to him:

"A. That the plaintiffs failed to prove by a preponderance of the evidence that the proximate cause of the accident was the result of defendant's negligence.

"B. That the plaintiff Bennett was guilty of contributory negligence, in that he failed to have his car under proper control so as to bring it to a stop within the assured clear distance ahead.

"C. That the finding and judgment is against the greater weight of the evidence."

■ Section 4511.44, Revised Code, provides:

"The operator of a vehicle, streetcar, or trackless trolley about to enter or cross a highway from a private road, driveway, alley, or building shall stop and yield the right of way to all traffic approaching on said highway."

Section 4511.01, Revised Code, in part, provides:

"(RR) 'Right of way' means the right of a vehicle, streetcar, trackless trolley, or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or his path."

These Code provisions are cognate sections, and must be construed together. One section requires the operator of an automobile, when about to enter or cross a public highway from a "private road, driveway, alley, or building," to yield the right of way to all traffic approaching on the highway. The other section, which defines "right of way," confers an absolute right upon all traffic approaching on the highway to proceed uninter-

ruptedly in a lawful manner in the direction in which it is moving in preference to a vehicle entering or crossing the highway from a private road, driveway or alley. See: *Morris* v. *Bloomgren*, 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831.

The absolute right conferred upon approaching traffic on the highway is qualified only by the requirement that, in proceeding uninterruptedly, it must proceed in a lawful manner.

A failure to yield the right of way to a lawful user of the highway in violation of the above-quoted Section 4511.44, Revised Code, constitutes negligence per se. It is a specific and definite requirement of the law. *Ewing* v. *Burkhardt Brewing Co.*, 57 Ohio App., 463, 15 N. E. (2d), 160; *Bohn* v. *Deyo*, 66 Ohio App., 500, 35 N. E. (2d), 451. See, also, annotation in 29 A. L. R. (2d), 112 *et seq.*

The conclusion by the trier of the facts, that the plaintiff when driving north at the time of the accident was proceeding lawfully, is amply sustained by the evidence. The assured-clear-distance-ahead statute (Section 4511.21, Revised Code), which provided, among other things, that ''no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead,'' if it may be said to have some bearing on the case, could indeed be found not to have been violated by the trier of the facts. Surely, when evidence of probative worth indicates that an automobile proceeds across a public highway from a parking space to join the flow of traffic, and in doing so blocks the path of another car which is almost upon it, a finding of fact to the effect that the driver on the main highway did not violate the assured-clear-distance-ahead statute is within the reason and spirit of the many Ohio cases treating the legal question; and in the case before us is not manifestly against the weight of the evidence. *McFadden, Admx.,* v. *Elmer C. Breuer Transp. Co.*, 156 Ohio St., 430, 103 N. E. (2d), 385; *Sherer* v. *Smith, a Minor,* 155 Ohio St., 567, 99 N. E. (2d), 763; *Erdman* v. *Mestrovich,* 155 Ohio St., 85, 97 N. E. (2d), 674; *Smiley* v. *Arrow Spring Bed Co.,* 138 Ohio St., 81, 33 N. E. (2d), 3, 133 A. L. R., 960.

In finding that the plaintiff was proceeding lawfully, the court could very properly find, as it apparently did, that the de-

fendant was guilty of negligence as a matter of law in violating the provisions of Section 4511.44, Revised Code.

■ Now to the question of whether the court could properly find that negligence of the defendant, Krauss, was the proximate cause of the damage to the automobile.

In the case of *Gedeon, Admr.*, v. *East Ohio Gas Co.*, 128 Ohio St., 335, 190 N. E., 924, the following is the syllabus of the court:

"Damages for an injury resulting from a negligent act of the defendant may be recovered if a reasonably prudent and careful person, under the same or similar circumstances, should have anticipated that injury to the plaintiff or to those in a like situation would probably result."

In the *Gedeon case*, the defendant's negligence influenced another individual to take action immediately resulting in injury to a third person. In the case under consideration, the defendant's negligence influenced the plaintiff Bennett to take emergency action to avoid a collision between the two automobiles. It was for the court to determine, from the facts, whether a reasonably careful and prudent person might be expected to know that the sudden and unexpected appearance of his automobile in front of an oncoming car, in violation of the statute, would probably cause the driver thereof to take emergency action to avoid a collision, which action might consist in swerving off the highway and into adjacent buildings with consequent damage.

It would seem that the conclusion could be properly reached that the collision with the building was a probable consequence of the defendant's conduct.

There are sometimes circumstances under which a chain of causation is broken, but in this case the effect of the negligence of the defendant could be properly traced through the conduct of the plaintiff into the collision with the building; and the probability of such a result was, in this case, one which the trier of the facts could properly find should have been anticipated by the mind of a reasonably prudent and careful person. *Mouse* v. *Central Savings & Trust Co.*, 120 Ohio St., 599, 167 N. E., 868. See, also, *Tanzi* v. *New York Central Rd. Co.*, 155 Ohio St., 149, 98 N. E. (2d), 39, 24 A. L. R. (2d), 1151.

500

It is our conclusion that the court's findings on the causes of negligence, proximate cause, contributory negligence and damages were entirely justified by the evidence, and that the judgment should be affirmed.

*Judgment affirmed.*

STEVENS, P. J., and HUNSICKER, J., concur.