Reid MARTIN, Appellant,

v.

George R. BICKEL et al., Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1957.

William M. Harvin, Louisville, for appellant.

Randolph A. Brown, William F. Burbank, Louisville, for appellees.

CAMMACK, Judge.

The appellees, George R. Bickel, Edwin H. Bickel and Paul J. Bickel, received an adverse decision from the Louisville & Jefferson County Planning & Zoning Commission which they appealed to the Jefferson Circuit Court in August, 1956. On October 16, 1956, upon motion of the Bickels, an order dismissing the appeal was entered without notice to the appellant, Reid Martin, who, on October 10, 1956, had filed an answer and reply, purporting to represent himself individually and 97 other named parties. None of this last group filed any pleadings. Martin's motion to set aside this dismissal has been overruled; hence this appeal.

In the first proceeding before the Zoning Commission the Bickels were seeking a rezoning of some 16 acres of property on the Taylorsville Road from "A" to "D–1." On September 20, 1956, the Bickels sought from the Zoning Commission a rezoning of a smaller area. This request was approved by the Zoning Commission on October 18, 1956, two days after the appeal of the Bickels from the adverse ruling of the Zoning Commission on their first application had been dismissed. This fact was made known at the hearing on the second application and the appellant was present and spoke against the proposition.

No reason is given in the record for the appellant's motion to set aside the order of dismissal entered October 16, 1956, other than the ground that the order was not in accord with CR 41.01. Conceivably he could have been seeking to delay the action of the Zoning Commission in rezoning the smaller area. It is not asserted that he lacked notice of the pendency of the second application of the Bickels before the Zoning Commission, or was inadequately represented therein because of this dismissal of October 16, 1956, or for any other reason. After a hearing the motion to set aside the order of dismissal was overruled October 29, 1956.

The dismissal was by order of the court and was, we believe, in accord with CR 41.01(2). That rule disallows dismissal against the defendant's objection when he has filed a counterclaim unless the counterclaim can remain pending for independent adjudication; but when no counterclaim has been filed the matter is left to the discretion of the trial court. And while it is true that a court order should not be entered without notice unless the motion is made at a trial or hearing (See Clay, CR, p. 377), the defendant in the case at hand was given a hearing on his motion to set aside the order of dismissal. Thus there is no showing that the substantial rights of any party as guaranteed by CR 41.01 were adversely affected. The record shows no evidence of great expense in preparing a defense as was the case in Roth v. Great Atlantic & Pacific Tea Company, D.C.Ohio 1942, 2 F.R.D. 182, and we are not prepared to say that the trial court abused its discretion.

Judgment affirmed.