SHARP, APPELLEE, *v.* BRYAN, A MINOR, ET AL., APPELLANTS.

460

(No. 762—Decided October 28, 1963.)

*Messrs. Carpenter & Paffenbarger*, for appellants James F. Bryan and Emma DeLeon.
*Mr. Thomas B. Hayes*, for appellant Bruce James.
*Messrs. Flynn, Py & Kruse*, for appellee.

*Per Curiam.* This is an appeal on questions of law from the judgment on a verdict of a jury in an action for damages for personal injuries and to an automobile, arising out of an accident occurring on January 23, 1960, on U. S. Highway 250 at its intersection with a private driveway near Sandusky, Ohio.

The pleadings and the record disclose the issues of fact and law pertinent to this decision to be that the plaintiff, appellee herein, Sharp, on that date at about 12:30 a. m. was operating his car on such highway outside the city of Sandusky in Erie County and collided with an automobile operated by the defendant-appellant James Bryan. The Bryan car had stalled while in the private driveway of the Bechtel-McLaughlin Company which intersects with Route 250 at right angles. Defendant-appellant Bruce James came to help Bryan and used his car to push the Bryan car backwards out of the driveway onto Route 250, for the purpose of getting it started. During

this operation plaintiff struck the rear of the Bryan automobile and went out of control and struck a tree causing injury to plaintiff and damages to his automobile. The parties will be referred to as plaintiff and defendants.

It appears that the defendants Bryan and James acted in concert in placing Bryan's automobile in the path of plaintiff's car. One Emma DeLeon was named as a defendant by virtue of Section 4507.07, Revised Code, and also because of alleged negligence of entrustment of her automobile driven by Bryan on the night of the accident. At the trial, the defendants, Bryan and James, were represented by counsel as well as the defendant DeLeon. But neither defendants Danny Neill nor Jay Dee Kaufman appeared or were represented by counsel. Plaintiff dismissed Kaufman as party-defendant and the court, on its own motion, directed a verdict in favor of defendant Danny Neill.

The defendants make assignment of twelve errors. We are of the opinion that the first four assigned errors and the eleventh are well taken and require a reversal of the judgment, to wit:

1. That the court erred in giving plaintiff's special request to charge No. 1 at the request of the plaintiff and over the objection of the defendants;

2. That the court erred in not permitting a material witness of the defendants to testify when proper motion for continuance was made and representations and promises were made that the witness could testify during the period when the trial was scheduled to last, and, in fact, did continue;

3. That the trial judge committed prejudicial error in not following the mandate of the Supreme Court of Ohio to try the specially assigned case to its conclusion and in having another judge answer questions of the jury;

4. That the court erred in allowing the introduction of certain of plaintiff's exhibits and evidence over objections of the defendants;

11. That the court erred in overruling defendants' motion for new trial.

As to assignment of error No. 1, plaintiff, at the close of the evidence, submitted to the court a special request to charge the jury before argument, over objection, as follows:

"The court instructs you as a matter of law that an operator of a motor vehicle about to enter a highway from a private road, driveway, alley or building, shall stop and yield the right of way to all traffic approaching on said highway and that if you find that the defendants failed to yield the right of way to the plaintiff and that this was the proximate cause of the accident and plaintiff's injuries, then your verdict must be for the plaintiff and you will assess damages as you find them to be."

The statutory requirement of such an instruction in this case derives from Section 4511.44, Revised Code, which reads as follows:

"The operator of a vehicle, streetcar, or trackless trolley about to enter or cross a highway from a private road, driveway, alley, or building shall stop and yield the right of way to all traffic approaching on said highway."

In giving such instruction, the court, however, to avoid prejudicial error, is also required to instruct the jury as to the statutory meaning of "right of way" as provided by Section 4511.01, Revised Code, to wit:

"(SS) 'Right of way' means the right of a vehicle, streetcar, trackless trolley, or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or his path."

These are cognate sections and when construed together the plaintiff on the highway must be proceeding "in a lawful manner." Thus the omission in the requested charge of the phrase "in a lawful manner" as pertains to the operation of plaintiff's car is, therefore, erroneous. *Times Square Garage Co.* v. *Spencer*, 121 Ohio St., 77; *Morris* v. *Bloomgren*, 127 Ohio St., 147; *Parton* v. *Weilnau, Admx.*, 169 Ohio St., 145; *Beers* v. *Wills*, 172 Ohio St., 569; *Bennett* v. *Krauss*, 100 Ohio App., 495.

This error of the court would mislead the jury or tend to be withdrawing from their consideration under the evidence any issue of negligence on the part of the plaintiff such as unlawful speed and compliance with the "assured clear distance ahead" requirement of Section 4511.21, Revised Code.

Assignment of error No. 2 is well taken on the question of abuse of discretion by the trial court in refusing upon motion

and before resting a continuance or adjournment of the case from the afternoon until the next morning for defense to submit a material witness, defendant Danny Neill, then under subpoena, with assurance of his appearance in court the next morning. The record shows the proffered testimony of the witness, defendant Danny Neill, to be material to the case. *Okey* v. *Weber*, 13 Ohio Law Abs., 588; *Leathers* v. *Cockerell*, 1 W. L. J., 397, 1 O. D. Rep., 58; 11 Ohio Jurisprudence (2d), 177, Section 12.

As to assignment of error No. 3, it is conceded by counsel that the judge sitting by assignment in this case desired to begin an assignment in a court at Cleveland, Ohio, on the next day after charging the jury, and left until the following morning the matter of return of the verdict and the conclusion of the case to the local judge, which judge answered questions of the jury before the return of its verdict.

Common Pleas judges are to be commended in accepting assignments in other counties to assist in the disposition of cases. When such assignment is accepted, we are of the opinion that the trial, once undertaken by the judge, should be attended to its final determination and conclusion. Moving on to another assignment before such time is not an excusable expediency as against the right of litigants to a fair and completed trial under due process of law.

Assignment of error No. 4 is directed to plaintiff's exhibits Nos. 6, 7 and 8 admitted in evidence over objection of defendants. Exhibit 6 consists of a list of medical services and expenses and items of towing and storage, cab fares, cleaning bills and cost of damage to an automobile totaling $4,240.94. To the list is attached bills corresponding to such list but not all items listed thereon.

The admission of exhibit 6 as to the items pertaining to property damage was erroneous because the issue joined on the pleadings was damages for alleged personal injuries without any allegation or prayer for damages to property. The other items pertaining to medical services and expenses were also erroneously admitted because no competent evidence was adduced at the trial and appears in the record as to the necessity therefor and the reasonable value thereof. *DeTunno, a Minor,* v. *Shull*, 166 Ohio St., 365; 16 Ohio Jurisprudence (2d), 241, Section 107,

464

The admission of exhibits Nos. 7 and 8, photographs of plaintiff in the hospital, was erroneous without evidence that they are reasonably accurate. 21 Ohio Jurisprudence (2d), 536, Section 513.

It follows that the assignment of error No. 11 in the court's overruling the motion for a new trial is well taken. All other errors assigned are either not well taken or nonprejudicial.

The judgment of the Common Pleas Court is, therefore, reversed and this cause is remanded to that court for a new trial.

*Judgment reversed.*

DEEDS, FESS and SMITH, JJ., concur.