The following appeal arises from a decision of the Mahoning County Court No. 4 in which the court overruled Mark S Hilderbrand's motion to suppress evidence obtained in reference to charges of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). For the following reasons, the decision of the trial court is affirmed.
 I. FACTS
On September 18, 1994 at approximately 2:54 a.m., Mark S Hilderbrand ("appellant"), exited the parking lot of a drinking establishment known as "Leslie's" on Mahoning Avenue. Appellant proceeded to turn left heading east from the parking lot onto Mahoning Avenue. As appellant turned left, he pulled directly in front of State Highway Patrol Trooper Browne. Trooper Browne followed appellant and effectuated a stop. Upon contact with appellant, the trooper reported smelling a strong odor of alcohol and remarked that appellant's speech was slurred and his eyes were glassy. Appellant told the trooper that he believed the officer was going to stop at the traffic light just west of the driveway. Appellant and the trooper differ as to what color the light was at the time appellant pulled in front of the trooper Appellant was subsequently given coordination tests and was then arrested and cited pursuant to R.C. 4511.19(A)(1) and R.C4511.19(A)(3) for Driving Under the Influence of Alcohol, ("D.U.I."). Appellant was also cited for violations of R.C4513.263, a seat belt violation, and R.C. 4511.44, failure to yield the right of way. Appellant was belligerent with the trooper but did submit to a Blood Alcohol Content, ("B.A.C."), test at the post. Appellant's B.A.C. level registered at .199.
On September 19, 1994, appellant appeared before Mahoning County Court No. 4 and entered pleas of not guilty to all charges. On February 28, 1995, appellant filed a motion to suppress evidence[1]. On March 7, 1995, the court overruled appellant's motion. On April 25, 1995, appellant entered a plea of no contest to the charge of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). The trial court dismissed the remaining charges pending against appellant pursuant to a plea agreement between appellant and the State Appellant filed a notice of appeal on May 23, 1995.[2]
 II. STANDARD OF REVIEW
The standard of review in a motion to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Winand(1996), 116 Ohio App.3d 286, 288, citing Tallmadge v. McCoy(1994), 96 Ohio App.3d 604, 608.
In a hearing on a motion to suppress, the trial court assumes the role of trier of fact and as such, is in the best position to resolve questions of fact and to evaluate witness credibilityState v. Mills(1992), 62 Ohio St.3d 357 366, citing State vFanning(1982), 1 Ohio St.3d 19, 20. However, once accepting those facts as true, we must independently determine as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. Statev. Williams(1993), 86 Ohio App.3d 37, 41 citing State v. Dreher
(July 28, 1992), Highland App. No. 786, unreported, and State vFausnaugh(April 30, 1992), Ross App. No. 1778, unreported.
 III. ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal reads:
 "THE COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO SUPPRESS."
Appellant argues that the trooper's proffered reason for effectuating the stop was insufficient to give rise to a reasonable suspicion. As a basis for this presumption, appellant alleges that he did not cause an accident or nearly cause an accident when he pulled out of the parking lot in front of Trooper Browne.
A. LAW
The Fourth Amendment of the United States Constitution gives people the right "to be secure * * * against unreasonable searches and seizures." It is clear that the stop of a motorist is a seizure governed by Fourth Amendment requirements. SeeDelaware v. Prouse(1979), 440 U.S. 648.
The United States Supreme Court has held that a police officer may stop and question a person if there are reasonable grounds to believe that the person is wanted for past criminal conduct, is currently engaged in criminal conduct, or will in the future be involved in a crime. United States v. Cortez(1981),449 U.S 411, 417. The standard applied to an investigatory stop is "reasonable suspicion." Terry v. Ohio(1968), 392 U.S. 1
Reasonable suspicion is described "simply as `a particularized and objective basis' for suspecting the person stopped of criminal activity." Ornelas v. United States(1996),517 U.S 690, 116 S.Ct. 1657, 1662, citing United States v. Cortez(1981),449 U.S. 411. The court makes an objective assessment of a police officer's actions in light of the facts and circumstances then known to the officer. Dayton v. Erickson(1996), 76 Ohio St.3d 3,6. Thus, the question whether a Fourth Amendment violation occurred in this case and therefore whether the motion to suppress should be granted depends upon an objective assessment of the officer's actions at the time of the traffic stop, and not upon the officer's actual (subjective) state of mind. Id. at 11;Whren v. United States(1996), 517 U.S. 806. As the Supreme Court of Ohio held in Erickson, supra:
 "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as suspicion that the violator was engaging in some more nefarious criminal activity." Id. at 11.
In State v. Drogi(1994), 96 Ohio App.3d 466, this court held that where there is no evidence of erratic driving, "other than what can be considered as insubstantial drifts across the lines[,]" there is not sufficient evidence to justify an investigative stop. Id. at 469. However, this court further clarified that "weaving may be sufficient to justify an investigative stop." Id Because there was no other evidence which would indicate erratic driving, speeding, or other criminal activity, we held that the stop was unreasonable. Id. at 469-470.
Appellant was initially stopped based on a violation of R.C4511.44, which reads:
 "The operator of a vehicle, streetcar, or trackless trolley about to enter or cross a highway from any place other than another roadway shall yield the right of way to all traffic approaching on the roadway to be entered or crossed."
Yielding the right of way to a user of the highway, who is proceeding in a lawful manner, is a specific and definite requirement of the law. Bennett v. Krauss(1956), 100 Ohio App. 495,498.
 B. ANALYSIS
The evidence indicates that appellant made a left-hand turn out of the private parking lot onto the highway adjacent to it. In doing so, appellant crossed directly in front of Trooper Browne who was lawfully continuing westward on the highway. Appellant contends that he thought that it was not illegal to pull in front of the officer because the light just a few feet west of the driveway may have been red.
The trooper had an absolute right to continue west uninterruptedly on the highway. There is no evidence that the trooper was otherwise proceeding in an unlawful manner. Appellant had an affirmative duty to yield before proceeding across the highway and his failure to do so constituted a clear violation of the law. See Bennett, supra.
Moreover, Trooper Browne indicated in the traffic citation that appellant almost caused an accident. Despite appellant's assertion that he did not cause or nearly cause an accident, it must be remembered that the trial court is in the best position to resolve questions of fact and evaluate the credibility of the witnesses.
Therefore, there is competent, credible evidence to support the trial court's finding that the trooper had sufficient grounds to detain and subsequently charge appellant with a D.U.I. offense See Winand, supra. The trooper observed appellant pull directly in front of him without yielding the right of way. Such a blatant violation of the law is a sufficient ground to give rise to a reasonable suspicion that appellant had engaged in some criminal conduct. See Erickson, supra.
Appellant's assignment of error is without merit.
 IV. DELAY DURING APPEAL
Although appellant does not set forth a second assignment of error with found specificity, he throws out the belief that this court should order a dismissal of all charges because appellant's appeal was not processed in a timely manner. Furthermore, appellant contends that he cannot be expected to reconstruct his appeal some three years after it should have been docketed by the Clerk of Court.
The record does not reveal any affirmative actions on appellant's behalf to either have a transcript of the hearing provided or to ensure that the appeal had been submitted properly. Furthermore, there is no basis in law to support a dismissal of the charges simply because appellant's notice of appeal had been delayed. Finally, appellant offered no persuasive argument relative to any showing of prejudice which stemmed from said delay.
For the foregoing reasons, the decision of Mahoning County Court No. 4 is affirmed.
COX, P. J., concurs.
WAITE, J., concurs.
 APPROVED: ____________________________________ JOSEPH J. VUKOVICH, JUDGE
[1] It appears that no transcript is available from the hearing. Thus, the record is limited to Trooper Browne's report.
[2] For reasons not apparent in the record, appellant's notice of appeal was not transmitted to this court until January 5, 1998.