This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
Defendant-Appellant, Steven C. Santos ("appellant"), appeals from a judgment of the Municipal Court of Findlay, Ohio, overruling his motion to suppress the evidence. For the following reasons, we affirm the judgment of the trial court.[1]
The facts and procedural history of the case are as follows. On October 5, 1998, appellant was driving his vehicle northbound on Broad Avenue, located in Findlay, Ohio. At the intersection of Broad Avenue and County Road 95, appellant made a left-hand turn onto County Road 95. In doing so, appellant crossed directly in front of Sergeant Dean Laubacher of the Ohio State Highway Patrol. At the time, Trooper Laubacher was westbound on County Road 95. Trooper Laubacher had to slow his vehicle in order to avoid a collision.
Shortly thereafter, Trooper Laubacher performed an investigatory stop of appellant's vehicle. Based on Trooper Laubacher's observations, Appellant appeared to be under the influence of alcohol. Trooper Laubacher placed appellant under arrest for operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1). A subsequent breath alcohol analysis of .171 resulted in a second charge of operating a vehicle with a prohibited blood alcohol-content, in violation of R.C. 4511.19(A)(3). Appellant also was cited for failure to wear a seat belt, in violation of R.C. 4513.263, and failure to yield right of way in violation of R.C. 4511.42.
On August 4, 1999, appellant filed a motion to suppress the evidence. An evidentiary hearing on this motion was held on June 1, 1999, at the conclusion of which the trial court denied the motion in its entirety. Appellant entered a plea of no contest to one count of driving under the influence and one count of operating a vehicle with a prohibited amount of blood alcohol-content. The trial court found appellant guilty of the charges and imposed sentence. Appellant now appeals, asserting the following sole assignment of error.
 ASSIGNMENT OF ERROR The trial court erred when it failed to order the suppression of all of the evidence from and after the stop of Defendant's vehicle when it found that the arresting officer possessed reasonable grounds to stop Defendant's vehicle against the manifest weight of the evidence. [sic]
In his assignment of error, appellant essentially argues that the trial court's failure to grant his motion to suppress was improper because Trooper Laubacher did not possess a reasonable, articulable suspicion of criminal activity to justify the stop of his vehicle.
When considering an appeal from a trial court's decision on a motion to suppress evidence, we are presented with a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 328,332. In a hearing on a motion to suppress, the trial court acts as the trier of fact and is in the best position to resolve factual questions and evaluate the credibility of witnesses.State v. Brooks (1996), 75 Ohio St.3d 148, 154; State v. Mills
(1992), 62 Ohio St.3d 357, 366. As a reviewing court, we must defer to the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Medcalf
(1996), 111 Ohio App.3d 142, 145; State v. Guysinger (1993),86 Ohio App.3d 592, 594. We must then independently determine, as a matter of law, whether those facts satisfy the appropriate legal standard involved in the case. Long, 127 Ohio App.3d at 332;State v. Venham (1994), 96 Ohio App.3d 649, 653; State v. Klein
(1991), 73 Ohio App.3d 486, 488.
The Fourth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, protects "the right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures." Section 14, Article I of the Ohio Constitution has been interpreted as providing protections that are coextensive with those provided by the Fourth Amendment to the United States Constitution. State v. Robinette (1997), 80 Ohio St.3d 234, 245
("Robinette II"). Although the liberties secured by the amendment are dearly entrusted, they are not absolute; reasonableness is the touchstone of Fourth Amendment jurisprudence. Ohio v. Robinette
(1996), 519 U.S. 33 ("Robinette I").
A search conducted without a warrant supported by probable cause is per se unreasonable. Schneckloth v. Bustamonte (1973),412 U.S. 218, 219. It follows that any governmental seizure, including a brief investigative stop, is prohibited unless supported by an objective justification. Terry v. Ohio (1968),392 U.S. 1, 19; State v. Andrews (1991), 57 Ohio St.3d 86, 87. InTerry, the United States Supreme Court laid the foundation ofFourth Amendment jurisprudence pertaining to investigatory stops by pronouncing the governing standard of reasonable suspicion based upon specific and articulable facts.
A police officer's determination of "reasonable suspicion" is measured by an objective standard: Whether "the facts available to the officer at the moment of seizure or the search `warrant a [police officer] of reasonable caution in the belief' that the action taken was appropriate[.]" State v. Bobo (1988), 37 Ohio St.3d 177,178-179, certiorari denied (1988), 488 U.S. 910, quoting Terry, 392 U.S. at 22. This question must be answered in light of the totality of the surrounding circumstances as seen "through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." Andrews,57 Ohio St. 3d at 87-88. Thus, a police officer may make an investigatory stop of an automobile when specific and articulable facts exist to justify a reasonable suspicion that the driver has violated the law. Delaware v. Prouse (1979), 440 U.S. 648, 663.
The Supreme Court of Ohio, meanwhile, has determined that "[w]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid[.]" Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12. Thus, a police officer's observation of a traffic violation generally justifies an investigatory stop. State v. Johnson
(1995), 105 Ohio App.3d 37, 40.
In the case before us, appellant was initially stopped based upon a suspected violation of R.C. 4511.42 for his failure to yield the right of way.
It is axiomatic that yielding the right of way to a user of a highway who is proceeding in a lawful manner is a specific and definite requirement of the law. See, e.g., Bennett v. Krauss
(1956), 100 Ohio App. 495, 498; State v. Hilderbrand (June 9, 1999), Mahoning App. No. 98-CA-6, unreported.
The record before us reveals that appellant was driving his vehicle northbound on Broad Avenue. At the intersection of Broad Avenue and County Road 95, appellant made a left-hand turn onto County Road 95.[2] In doing so, appellant crossed directly in front of Trooper Laubacher who was westbound on County Road 95.
At the hearing, Trooper Laubacher testified that he was traveling westbound on County Road 95 at approximately thirty-five miles per hour when he observed appellant perform the left-hand turn onto County Road 95. Trooper Laubacher testified that appellant's actions "caus[ed] me to slow down to avoid a rear end collision." Trooper Laubacher further testified on cross examination that " * * * I had to slow down to avoid hitting him in the rear end."
Upon a review of the record in this case, we find that appellant had an affirmative duty to yield right of way before proceeding to make the left-hand turn onto County Road 95. Appellant crossed directly in front of Trooper Laubacher who was lawfully continuing westward on County Road 95. Thus, we find that Trooper Laubacher clearly had an "articulable and reasonable suspicion" that appellant had committed a traffic violation pursuant to R.C. 4511.42. For these reasons, we find that the investigatory stop was proper in every respect, and that the trial court did not err in overruling appellant's motion to suppress the evidence.
For the reasons stated, it is the order of this Court that the judgment of the Municipal Court of Findlay, Ohio be, and hereby is, affirmed at the cost of appellant for which judgment is rendered, and that the cause be, and hereby is, remanded to the trial court for the execution of the judgment of costs.
It is further ordered that the Clerk of this Court certify a copy of this judgment to that court as the mandate prescribed by App.R. 27 or by any other provision of law, and also furnish a copy of this journal entry directly to the trial judge.
Judgment affirmed.
SHAW and WALTERS, JJ., concur.
[1] We note that the State of Ohio failed to file a brief in this matter. Appellate Rule 18(C) provides the consequences for failure of either the appellant or the appellee to timely file his brief. Pursuant to App.R. 18(C), we may accept the appellant's statement of fact and issues as correct, and reverse the judgment if the appellant's brief reasonably appears to justify such action. We may also decline to consider the record or transcript and reverse the judgment based solely on the appellant's brief. Nonetheless, in the present case, we have decided to consider all of the record, including the transcript of the proceedings.
[2] The record reveals that upon approaching the intersection of Broad Avenue and County Road 95, appellant's vehicle mistakenly proceeded past the proper left-hand turn lane and around a curve leading to the eastbound lanes of County Road 95. Appellant, realizing his mistake, then performed a left-hand turn onto County Road 95.