OPINION
Appellant, Mathew C. Lewis, appeals the judgment of the Portage County Court of Common Pleas rendered in favor of appellees, Ace Doran Hauling Rigging, Co. and Robert Heckman, on appellant's claim for personal injury resulting from an automobile accident. Appellant also appeals the trial court's denial of his motion for judgment notwithstanding the verdict or for a new trial. The following facts are relevant to a determination of this appeal.
On January 30, 1995, at approximately 8:50 p.m., appellant was driving home from the gym. He had just exited off of Interstate 76, and was proceeding north on State Route 225, an unlit, two-lane road with a posted speed limit of fifty-five m.p.h. The road was dry and appellant was traveling in his own lane at approximate forty to forty-five m.p.h. Appellee, Robert Heckman, a truck driver employed by Ace Doran Hauling Rigging Co., lives on the east side of State Route 225. Heckman was attempting to back his tractor-trailer rig out of his driveway. The trailer at that time was a forty-five foot flatbed, black in color, carrying approximately 75,000 pounds of steel rod.
Heckman testified that he backed his truck to the edge of the driveway, got out of the cab and walked to the street to check for traffic. He did not notice any traffic so he proceeded to get back in the cab, look both ways again, and start to back out onto State Route 225. Heckman, intending to travel southbound on State Route 225, began to angle his rig in a northbound direction as he was backing out. Shortly after entering the highway with the back of his truck, Heckman heard a collision which turned out to be appellant's Chevette hitting the side of his trailer. Heckman claimed that he never saw appellant's vehicle until after the accident.
Appellant suffered numerous injuries in the accident, including a head injury, leaving him with no memory of the impact. He testified, however, that he was traveling under the speed limit with his high beam headlights on, and had not been eating or drinking, or doing anything else to divert his attention from the road. It is also undisputed that alcohol or drugs were not involved in the accident. He claims that he never saw the truck and, thus, never used his brakes to slow down a fact confirmed by the Ohio Highway Patrol report which showed no skid marks on the road.
The evidence also established that the truck's headlights and four-way flashers were operating. There was conflicting testimony as to whether the three side marker lights on the right side of the trailer were operational at the time of the accident. Heckman claimed that he checked them prior to backing out into the street and they were operational. However, Trooper Michael Russell of the Ohio Highway Patrol testified that the marker lights on the right side of the trailer, which would have been the side facing northbound traffic, were not working when he arrived at the accident scene. Heckman admitted that he could have used flares, or his wife could have been used as a flagman to help control traffic, but he chose not to because flares would have to be picked up and his wife had been almost run over on two prior occasions when she had acted as a flagman in front of their home.
On January 10, 1997, appellant filed suit against Heckman and Ace Doran Hauling Rigging Co. alleging negligence on behalf of Heckman in backing his truck onto State Route 225. Appellees filed a timely answer denying negligence. The matter proceeded to a jury trial on December 15, 1998. The jury returned a unanimous verdict in favor of appellees and, on December 31, 1998, the trial court entered final judgment in favor of appellees.
On January 14, 1999, appellant submitted a motion for judgment notwithstanding the verdict and for a new trial. The trial court denied both of these motions. Appellant timely filed notices of appeal from the original verdict and from the denial of his motion for judgment notwithstanding the verdict and for a new trial. On April 5, 1999, this court, sua sponte, consolidated both appeals for all purposes.
Appellant has now set forth the following assignments of error:
 "1. The trial court erred to the prejudice of Plaintiff by instructing the jury on assured clear distance when Plaintiff was lawfully proceeding in his own lane and Defendant backed his trailer into his path of travel from a private drive.
 "2. The jury verdict was against the manifest weight of the evidence.
 "3. The trial court erred by overruling Plaintiff's Motion for Judgement (sic) Notwithstanding Verdict or in the alternative Motion for a New Trial.
 "4. The Trial Court erred to the prejudice of the Plaintiff by not allowing the rebuttal testimony of Charles Wamer."
In the first assignment of error, appellant contends that the trial court erred by instructing the jury on assured clear distance. Appellant argues that, as a matter of law, the facts of this case did not support such an instruction.
Ohio's assured clear distance statute, R.C. 4511.21(A), provides, in part:
 "[N]o person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
The Supreme Court of Ohio has recently reiterated the elements that constitute an assured clear distance violation. In Pond v. Leslein (1995), 72 Ohio St.3d 50, the court stated:
 "Ohio case law has consistently held that a person violates the assured clear distance ahead statute if `there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible.' Blair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 7, 3 O.O.3d 4, 5, 358 N.E.2d 634, 636 (citing McFadden v. Elmer C. Breuer Transp. Co. [1952], 156 Ohio St. 430, 46 O.O. 354, 103 N.E.2d 385). See, also, Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66, 69, 4 OBR 155, 157, 446 N.E.2d 454, 456. Thus, a driver violates the statute as a matter of law if the party invoking the statute presents uncontroverted evidence establishing all of the elements necessary to constitute a statutory violation."
Id. at 52.
While appellant concedes that the first element of the test has been met, he argues that the second element has not been met. Specifically, appellant asserts that Heckman's truck was neither stationary nor moving in the same direction that he was in his Chevette. We agree. Heckman was backing his rig out of his driveway and, thus, was not stationary. Nor was his trailer moving in the same direction as appellant but, rather, it was moving in a more perpendicular direction at a right angle to appellant's course of travel. Appellees counter that the trailer was turning onto State Route 225 and heading in a more northerly direction, which is the same direction that appellant was moving in. It is clear from the photographs taken at the scene of the accident, however, that the trailer had not encroached upon the roadway very far at the time of impact and was still moving in a direction that was essentially perpendicular to the north/south roadway. Accordingly, at least one of the elements of the assured clear distance statute was not met, and it was error for the trial court to give the jury an assured clear distance instruction. We also have doubt that the third element was met. From a review of the record, it is apparent that the trailer suddenly entered the path of appellant.
Additionally, two Ohio courts have specifically held that assured clear distance does not apply when a motorist who, while proceeding in a lawful manner, collides with another vehicle that is backing out of a private driveway onto the thoroughfare in violation of the right-of-way laws because the motorist is not required to anticipate such a violation or to change his course until he is aware of it. Bohn v. Deyo (1940), 66 Ohio App. 500;State v. Metzger (July 10, 1998), Montgomery App. No. CA. 16781, unreported, (1998 WL 425500). We agree with this analysis and conclude that the trial court erred by instructing the jury on assured clear distance. These facts do not warrant that instruction.
Appellees claim that appellant has waived this argument by not specifically lodging an objection at the trial court level on this basis. A review of the trial transcript, however, reveals that on numerous occasions during the course of the trial, appellant's counsel made the exact same argument that he now makes on appeal with respect to the inapplicability of assured clear distance to this case. Appellant's counsel went as far as providing the trial court with the applicable case law, both Bohn
and Metzger. As the Supreme Court of Ohio stated in Krischbaum v.Dillon (1991), 58 Ohio St.3d 58, a party does not waive an objection to the trial court's jury instructions by failing to formally object, when "the trial court and counsel for the parties engaged in a lengthy discussion regarding the proposed instructions at issue, making their positions clear to the trial court." Id. at 61. Hence, in the case sub judice, appellant did not waive his argument regarding the inapplicability of assured clear distance.
Appellees also argue that any error in this regard was harmless because the jury never reached the assured clear distance issue after they first determined that appellees were not negligent. Thus, appellees argue, the jury never reached the issue of appellant's negligence, which would have come into play through the assured clear distance violation.
A review of the proceedings in the trial court, however, shows that appellees' defense was that appellant caused the accident by violating the assured clear distance statute. Counsel for appellees repeatedly made reference to assured clear distance either directly, or indirectly through references to discernibility. Without the defense of assured clear distance available, in all likelihood, the jury would have viewed appellees' negligence in a different light. Based upon the evidence adduced at trial, the options available to the jury should have been that appellees were negligent or that neither party was negligent. Hence, we cannot conclude that it was harmless error for the trial court to give the jury an assured clear distance instruction.
Appellees further argue that the instant cause is controlled by our recent decision in Flint v. Ace Doran Haulingand Rigging Co. (June 30, 1999), Portage App. No. 97-P-0116, unreported. While the present case is remarkably similar to Flint
in many aspects, there are some crucial differences that justify a different outcome.
In Flint, a truck driver employed by Ace Doran Hauling and Rigging Co. was backing his truck into his driveway from a two-lane road at night. An oncoming driver did not see the trailer portion of the rig and collided with it which resulted in serious injuries. In Flint, the truck's headlights were shining in the eyes of the oncoming driver blinding him with a wall of light until it was too late. Thus, discernibility was the key issue at trial and on appeal. Unlike the present case, no argument was made that assured clear distance was inapplicable based upon the second element; i.e., movement of the truck. There were two reasons why movement was not an issue. First, the evidence established that the truck was actually not moving at the time of the collision and, second, Bohn and Metzger were distinguishable since the truck was in the process of backing into the driveway instead of backing out of the driveway. Thus, the right-of-way laws did not apply in Flint as the truck was at a standstill, blocking the entire road, prior to and at the time of the accident. Thus, our decision in this case does not conflict with our earlier decision in Flint.
Based upon the foregoing analysis, the trial court erred in giving the jury an instruction on assured clear distance, and this error was prejudicial. Appellant's first assignment of error is sustained.
The three remaining assignments of error are premature in light of our conclusion regarding appellant's first assignment of error. Hence, they will not be addressed.
The judgment of the trial court is reversed and the matter remanded for a new trial.
 _________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.